# CASES

## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF JUDICATURE

#### OF THE

## STATE OF INDIANA,

AT INDIANAPOLIS, MAY TERM, 1854, IN THE THIRTY-EIGHTH
YEAR OF THE STATE.

----•-◦◦◦-•----

## CASE v. THE STATE.

The clerk, auditor and sheriff have no authority, under s. 4, p. 6, R. S. 1852,
to appoint a person to preside at a term of the Circuit Court, where the office
of circuit judge is vacant.

Those officers are only authorized to make the appointment where the circuit
judge is temporarily absent.

A vacancy in the office of circuit judge can only be supplied by appointment
by the governor.

During a vacancy in the office of circuit judge, the clerk, auditor and sheriff
appointed an attorney to preside at a term of the Circuit Court in their
county. The appointment was in legal form and was made a part of the
record. A. was then tried upon an indictment for grand larceny and con-
victed; but during the trial he made no attempt to impeach the authority of
the Court. *Held*, that a Court *de facto*, if not *de jure*, was constituted, and
that A., after conviction, could not call in question the authority of the
Court.

The affidavit of a party convicted of a crime can not be admitted to rebut the
statements contained in the record of his conviction.

A new trial will not be granted to let in a defence which was known before
verdict, and of which the defendant might have availed himself under the
general issue.

VOL. V.—1

May .Term,
1854.

A motion in arrest of judgment can only be granted for defects apparent in the record.

CASE
v.
THE STATE.

Monday,
May 22, 1854.

APPEAL from the *Franklin* Circuit Court.

DAVISON, J.—Indictment for grand larceny.

On the first day of the *August* term, 1853, of the *Franklin* Circuit Court, being the first of that month, the clerk, auditor and sheriff of *Franklin* county appointed *John Ryman* to preside at said term. That appointment was duly entered upon the order-book of the court, and reads thus: "We, *John M. Johnson*, clerk, *Andrew S. Mc Cleary*, auditor, and *Michael Batzner*, sheriff, hereby appoint *John Ryman*, Esq., an attorney of the *Franklin* Circuit Court, being a court of record, to preside at the *August* term, 1853, of said court, as judge thereof; the judge of said court not being in attendance, and not having appointed any person to fill the same."

These officers proceeded under an act which provides that, "if, from any cause, any judge of the Circuit Court shall be unable to attend at any term thereof, such judge, or in his absence, or when he shall be unable to make such appointment, the clerk, auditor and sheriff of such county, may appoint, in writing, any other judge of a court of record, or any attorney thereof, to preside at such term: such written appointment being entered on the order-book of such court; and such appointee shall conduct the business of such court," &c., "and shall be allowed five dollars a day for every day he shall so serve," &c., "to be paid out of the annual compensation of such judge," &c. 2 R. S. 1852, p. 6, s. 4.

Pursuant to his appointment, *Ryman* assumed the duties of the office, and while the court was held by him as judge, the appellant was indicted, tried, and convicted. Thereupon he made and filed his affidavit, alleging that on the 28th of *July*, *William M. Mc Carty*, then judge of the said Circuit Court, resigned, whereby a vacancy occurred; that the office was vacant for the space of ten days, during which the first of *August* arrived, when *Ryman's* appointment took place. . Upon this affidavit

the appellant moved for a new trial and in arrest. These motions were overruled and judgment. given for the state.

If the office, on the first of *August*, 1853, was vacant, the county officers, under the provision above quoted, had no authority to appoint a judge. The statute contemplates an incumbency, and, therefore, it is only when the judge is temporarily absent, that these officers may name a person to preside in his place.

The constitution provides, that when at any time a vacancy shall have occurred in the office of judge of any court, the governor shall fill the vacancy by appointment, which shall expire when a successor shall have been elected and qualified. Art. 5, sec. 18. This section prescribes the mode in which a vacancy must be filled. Then, if the office of judge, in the case before us, was vacant, the executive alone was competent to fill it. To construe the act in question so as to enable the county officers to appoint when there was no incumbent, would evidently place the statute in direct conflict with the constitution.

But that was not the design of the legislature. The enactment was simply intended to provide for the temporary absence of a judge.

However, the view just taken does not dispose of this case. The appointment constitutes a part of the record. It appears in legal form, and gave to the appointee at least a colorable title to the office. He was no usurper, but supposed himself to be rightfully invested, and acted in good faith. A court *de facto*, if not *de jure*, was thus constituted. During the trial, no attempt was made to impeach the authority of that court. And after conviction it was too late to question the validity of the title under which its duties were exercised. It has been decided that an objection to the commission of the judge should be made on the trial. *The State* v. *Anone*, 2 Nott and McCord R. 27.—*Taylor* v. *Skrine*, 2 Const. R. 696.—*The State* v. *Alling*, 12 Ohio R. 16.

But the record upon its face shows that the county officers proceeded in strict accordance with the statute. It avers that there was an incumbent, who failed to attend,

May Term,
1854.

and, for that reason, the appointment was made. Against this plain averment, the defendant's affidavit is entitled to no weight. We know of no principle upon which the oath of a convicted party can be admitted to rebut the presumed verity of any part of the record of his conviction.

Again, the matter relied on, if true, might have availed the defendant under the general issue; but the affidavit does not show that it was discovered after the verdict. Therefore no ground for a new trial is furnished.

Nor can the motion in arrest be sustained, because the record presents no defect upon which that motion can be predicated.

*Per Curiam.*—The judgment is affirmed with costs.

*G. Holland*, for the appellant.

*J. D. Howland*, *R. A. Riley*, *N. B. Taylor*, and *J. Coburn*, for the state.