May Term,
1854.                          MURPHY v. BARLOW.

MURPHY
v.          A circuit judge who had been engaged, before entering upon his office, as coun-
BARLOW.       sel in a cause in the *Wabash* Circuit Court, appointed a special term of said
              Court for the trial of the cause, and notified another circuit judge to hold
              such term. The fact that the former had been engaged as counsel in the
              cause, was known at the *February* term of the Court, 1853. The notice to
              the other judge was given *June* 1, 1853, the cause was called for trial on the
              14th and continued to the 16th day of that month, when it was tried and
              judgment rendered for the plaintiff. When the cause was called at the spe-
              cial term, the defendant objected to the jurisdiction, &c. *Held*, that under
              the R. S. 1852, the Court, at the special term, had jurisdiction.
            A cause was continued to the next regular term of the Circuit Court. At an
              intervening special term the cause was tried—the defendant appearing at the
              trial. *Held*, that, by his appearance, the irregularity was waived.

*Thursday,*    ERROR to the *Wabash* Circuit Court.
*June 8.*
              PERKINS, J.—*Barlow* commenced an action of assumpsit
            against *Murphy*, in the *Wabash* Circuit Court. Pleas, non
            assumpsit, payment and set-off.
              The issues were made up while judge *Biddle* was the
            circuit judge.
              Afterwards, judge *Pettit* succeeded judge *Biddle* upon
            the bench. He was interested, having been of counsel in
            the cause, and was objected to. He appointed a special
            term for the trial of the case, and notified judge *Stanfield*,
            requesting him to hold said term. He did so, and the par-
            ties appeared at the calling of the cause on the 14th day
            *June*, and the same was continued to the 16th day, when
            it was submitted to the Court for trial, and a judgment
            was rendered for the plaintiff.
              A bill of exceptions states, "that on this 16th day of
            *June*, 1853, when this cause was called, the defendant ob-
            jected to the jurisdiction of said Court, it being shown to
            the court that notice to hold the special term of the Court
            was given to the Hon. *Thomas S. Stanfield* by the Hon.
            *John U. Pettit*, on the 1st day of *June*, 1853; and further,
            that the R. S. of 1852 were distributed to *Wabash* county
            on the 18th of *April*, 1853, and further that the disqualifi-
            cation of judge *Pettit* to try the cause was discovered at
            the *February* term, 1852, whereupon said Circuit Court
            decided in favor of the jurisdiction, and refused to grant a

motion for a continuance of said cause." The section of the statute under which the special term was appointed and held, is the third upon p. 5, of vol. 2, of the R. S. of 1852. It provides that when a circuit judge is a party, or interested, or related to, or is counsel for, a party, &c., and is, for that cause, objected to as judge, "he shall appoint a time during the vacation of such Court, and give ten days' notice thereof to some other judge of a Court of record, who shall, at the usual place of holding Courts in such county, and at the time designated by such disqualified judge, not exceeding thirty days after the service of process, or, in appeals, after the discovery to him of his disability in such suit, attend at and preside therein," &c. It is very evident upon a mere reading of this section of the statute, that the case before us does not fall within its letter; and it is as evident that it is embraced by its spirit; and the statute is a remedial one, and to be liberally construed.

In such a state of facts, it is a settled rule of construction, that where a case falls within the mischief to be remedied, and is clearly embraced by the spirit of the statute, the statute may be extended, by construction, to embrace it.

We have, therefore, not without some hesitation, however, concluded that the Court did not err in taking jurisdiction of the cause.

It is also objected in this Court that the cause had been continued to the next regular term; but the appearance of the party to the cause at the special term, waived all objections of this character.

Another bill of exceptions presents a statement of the points regarded by the judge as proved on the trial before him, and the legal positions he assumed in deciding the cause upon the evidence. But the statement, not purporting to set out all the evidence, is too vague and brief to enable us to determine upon the correctness of the finding upon the facts.

*Per Curiam.*—The judgment is affirmed, with 1 per cent. damages and costs.

*D. M. Cox*, for the plaintiff.

*J. U. Pettit*, for the defendant.