Nov. Term,
1861.

THE BOARD OF COMMISSIONERS OF FOUNTAIN COUNTY *v.* COATS.

THE BOARD
OF COMMIS-
SIONERS OF
FOUNTAIN Co.
*v.*
COATS.

It appears from the record, that one *A.*, judicially known to the Supreme Court to have been the judge of the Court below, began the term of the Court at which this case was tried, and made rulings in the case. Afterward, and before the day of the trial, the record shows that the Court was held by one *B.*, "acting judge of said Court," but contains no record of the manner or purpose of his appointment as such. A motion for a new trial having been overruled, thirty days were given to prepare a bill of exceptions, which was prepared within the time limited, and signed by *B.*, as judge.

*Held*, that in the absence of evidence, or judicial knowledge, of the right of *B.* to sign the bill of exceptions, as judge, such right can not be presumed to exist.

*Held*, also, that it should appear from the record, or be within the judicial knowledge of the appellate Court, that the inferior tribunal before which a case was tried, had authority to act in the premises, either legally, or in fact; and as it does not appear so in this case, the whole proceedings were without law, and can not be maintained.

*Friday,
November* 29.

APPEAL from the *Fountain* Common Pleas.

HANNA, J.—*Coats* sued the appellants on a special contract, averring performance on his part. Answer: denial, failure to perform, &c. Trial; verdict and judgment, over a motion for a new trial, for plaintiff.

The record before us shows that the term of the Court at which the case was tried was begun by *Tyler*, whom we judicially know to have been, at that time, judge of said Court, and that he presided and made rulings in this case. Afterward, and before the day of the trial thereof, an entry shows that the Court was "held as aforesaid, and before the Honorable *John J. Taylor*, acting judge of said Court." The record nowhere shows by what means he became judge, nor for what reason. Upon overruling a motion for a new trial, he gave thirty days to perfect bills of exceptions. They were filed within the time, with his signature placed thereto, as judge, to-wit, about twenty-five days after said trial. No objection appears in the record to his presiding at said trial; nor does any express agreement to that effect appear.

A motion is made here, by the appellee, to strike out said bills of exceptions, so signed, on the ground that the said *Taylor* had no authority to sign the same. This objection seems to be based upon the supposition that the authority of the said *Taylor* ceased with the term. In support of this position, is an affidavit filed here, that he presided at said trial only, and that, by permission, for the convenience of Judge *Ty'er*. The record itself does not disclose when his right to act began, nor when it ended; nor, indeed, is it affirmatively shown that he had any such right. In the absence of evidence, or judicial knowledge, of the right of said *Taylor* to sign said bills, we can not presume such right to exist. So far as the motion is concerned, it ought, therefore, to be sustained. But the appellant insists, that if the said *Taylor* could not make a record, by signing a bill of exceptions after the term, that he could not hold the Court, and, therefore, the whole proceeding is void, and should be reversed. Perhaps, as an incident to the right and power of a judge to hear a case, he might, if his term of office expired at the time of the rendition of judgment, sign bills of exception in said case, which would require further time for correct preparation, when prepared.

But we are of opinion that it should appear from the record, or be within the judicial knowledge of an appellate Court, that the inferior tribunal, before which a case was tried, had authority to act in the premises, either legally, or in fact; and as it does not so appear, in this case, that, therefore, the whole proceeding is without law, and can not be maintained; that is, so far as it appears to have been conducted by *Taylor*.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded, &c.

*J. E. McDonald* and *A. L. Roache*, for the appellant.

*W. H. Mallory*, for the appellee.