## FEASTER *v.* WOODFILL.

JUDGMENT BY CONFESSION—FRAUD.—Under section 59, 2 G. & H. 592, judgment by confession may be impeached for fraud by creditors of the judgment debtor, and no distinction is made between subsequent creditors and those existing at the time of the rendition of the judgment. Page 496.

ANSWER—DEMURRER.—A demurrer should be sustained to a paragraph of the answer which professes to answer the whole complaint, while in fact it only answers a part. Page 496.

EVIDENCE.—The terms of a written agreement can not be varied by parol evidence. Page 496.

APPOINTMENT OF JUDGE.—Under the constitution and laws, an attorney at law may be appointed judge, under certain circumstances, to hold a term of the Common Pleas Court. Page 497.

SAME—RECORD.—The special appointment of a judge is not required to be certified in the transcript of the record, and in the absence of all objection the Supreme Court will presume the appointment was properly and regularly made. *The Board of Commissioners of Fountain County* v. *Coats,* 17 Ind. 150, overruled. Page 497.

APPEAL from the *Decatur* Common Pleas.

GREGORY, J.— *Woodfill* sued *Feaster* on a promissory note for $200, dated *August* 30, 1862, at eight months, payable to *George M. Collins,* and by *Collins* assigned to the plaintiff.

The defendant offered to confess judgment for $135.10, but the plaintiff refused to accept of the offer.

The defendant answered: 1. The general denial. 2. That the note was given as the last payment of the purchase price to said *Collins* of certain real estate described, for which *Collins* executed his warranty deed, by which deed *Collins* warranted to defendant that the title to said real estate was free and unincumbered in every way; that at the time of the execution of said warranty deed, *Collins* had no title whatever to said real estate; that on the 21st day of *February,* 1861, one *Erastus L. Floyd* filed a transcript, in the clerk's office of the *Decatur* Common Pleas, against one *Aaron H. Broderick* for the sum of $38.75, together with costs, and said *Broderick* was on said day, and for a long time thereafter, the owner and possessor of said real estate—to-wit: until the 17th day of *February,* 1862—

and on the 12th of *July*, 1862, an execution issued from the clerk's office of *Decatur* Court of Common Pleas, duly attested, which execution was levied on said real estate, and sold by the sheriff of *Decatur* county to said *Floyd* for the sum of $64.44 on the 5th day of *August*, 1862, and said defendant did, on the 28th of *October*, 1862, pay to said *Floyd* $68.30 for said real estate, and received from said *Floyd* a warranty deed therefor; that defendant was compelled to buy said real estate from said *Floyd*, or be ejected therefrom by said *Floyd*, on his title obtained from the sheriff of *Decatur* county. Wherefore defendant says that the consideration of said note has wholly failed, and defendant demands judgment for costs, etc.

The deeds from the *sheriff* to *Floyd*, from *Floyd* to defendant, and from *Collins* to defendant, are made part of this paragraph of answer.

At this point in the proceedings in the court below, the following entry appears: "And afterward—to-wit: on the 3d day of *July*, A. D. 1863, being the fifth judicial day of same term of said court aforesaid—the following proceedings were had *before the Hon. James Gavin, acting as judge of said court*, to-wit," etc. And it is as well to state, in this connection, that the subsequent proceedings in the case at bar were had before *Gavin*, who was not the regular judge of said court, (the Hon. *David S. Gooding* being the judge thereof at the time,) but no objection was made at the time. A jury was waived, and the trial was had before *Gavin* without objection, and he signed the defendant's bill of exceptions, on which the case is now submitted to this court. His appointment is not set out in the record.

The plaintiff demurred to the second paragraph of the defendant's answer. The demurrer was sustained and the defendant excepted.

The defendant then filed four additional paragraphs of answer, to each of which the plaintiff demurred. The court sustained the demurrers to the fourth and fifth, and overruled the demurrers to the third and sixth.

The fourth paragraph is as follows: "That said *Collins*, knowing that he had no title to said real estate, did bargain with said *Broderick* and wife to, convey to defendant said real estate by deed, which said *Broderick* and wife did perform on the 30th day of *July*, 1862, with this condition between the said *Broderick* and wife, and *Collins* and the defendant, that the note which is now here sued on by the plaintiff should be assigned, set over, and transferred to said *Clarissa M. Broderick*, and should be paid by the defendant to her if the said *Collins* should satisfy and pay off a certain judgment in favor of *Erastus L. Floyd*, which was a lien against said real estate; and that he has been ready to pay said *Clarissa M. Broderick* said note, and says that said note is the property of said *Clarissa M. Broderick*, and not the property of the plaintiff."

The fifth paragraph is as follows: "That at the time said real estate was conveyed by *Collins* to the defendant, there was a lien on said real estate, consisting of a transcript in the clerk's office of the *Decatur* Common Pleas Court, against *Aaron M. Broderick* in favor of *Erastus L. Floyd*, which was filed on the 21st day of *February*, 1861, and an execution issued on it on the 12th of *July*, 1862, and a sale of said real estate, duly made by the sheriff of said county to said *Floyd*, on the 5th day of *August*, 1862; and on the 27th day of *October*, 1862, for the sum of $68.30, paid by defendant to *Floyd*, said *Floyd* conveyed said real estate to the defendant. Wherefore the defendant demands judgment for costs and for other proper relief. And the deeds of the sheriff to *E. L. Floyd*, and of *Floyd* to the defendant, are herewith filed, marked B and C, and are made parts hereof."

The plaintiff replied to the *third* and *sixth* paragraphs of the defendant's answer, which lead to issues of fact. A trial by the court; finding for the plaintiff the amount of the note and interest; motion for a new trial overruled; and the defendant filed his bill of exceptions. The evidence is contained in the record.

*Collins* derived title to the real estate in question by a sheriff's sale, on a judgment in favor of *James Gavin* against the said *Aaron H. Broderick*, rendered by the Common Pleas Court of *Decatur* county, in *April*, 1860, older than the filing of the transcript of *Floyd* against *Broderick;* but it is claimed that there is a misdescription of the land in the sheriff's deed to *Collins*. It is true that, in giving the metes and bounds, there is an evident *mistake* in the points of the compass, but the land has other and sufficient description given it to distinguish it from all other.

The judgment of the justice of the peace, in favor of *Floyd* against *Broderick*, was rendered on confession, without the affidavit required by statute. It is not shown by the evidence that *Gavin* was a creditor of *Broderick* at the time the judgment was confessed.

The statute on this subject is as follows: "Judgments may be rendered by confession, and no appeal shall lie therefrom; but the same may be collaterally impeached for fraud by creditors of the judgment debtor, and such judgment shall be void as to such creditors, unless, at the time of the rendition thereof, the defendant makes affidavit that he justly owes the debt." 2 G. & H. 592, sec. 59. No distinction is made between subsequent creditors and those existing at the time, and we can see no good reason for any such distinction.

The court below committed no error in sustaining the demurrers to the second, fourth, and fifth paragraphs of the defendant's answer. The second and fifth profess to answer the whole complaint, when, if they amount to any thing, they are only answers to a part. The fourth paragraph amounts to nothing. The arrangement set forth was made in *July*, 1862; in *August* following the defendant made his note to *Collins*. The defendant can not contradict or vary the terms of his own written agreement. The agreement does not go to the consideration of the note.

This court, in the case of *Brown* v. *Buzan*, at this term, *held* that, under the constitution and laws of this state,

an attorney at law might be appointed judge, under certain circumstances, to hold a term of the Common Pleas Court.

It only remains to inquire whether the transcript of the record, in each case tried by such judge, must set forth his appointment, or will this court, in the absence thereof, presume that such appointment was regularly and properly made.

The statute provides what shall be deemed parts of the record, and what the clerk shall certify in cases appealed to this court. 2 G. & H. 273, section 559. The special appointment of a judge is not required to be certified, and in the absence of all objection, this court will presume that the appointment was properly and regularly made.

We should not think it necessary to go further, but for the ruling of this court in the case of *The Board of Commissioners of Fountain County* v. *Coats*, 17 Ind. 150. As that case is in conflict with this opinion on this point, it is proper to give more fully the reasons on which the present decision is founded.

Whenever, from any cause, the common pleas judge of any district is unable or fails to attend, in any county of his district, for the purpose of holding his court, at the regular term thereof, the judge of said court is authorized to appoint some suitable person, who shall be a regular practicing attorney of the state, to attend and hold such court; and such person so appointed is vested with all the powers of the regular judge of said court, during said term in said county, and in such case, if the judge fail to appoint, the clerk, sheriff, and county auditor, or any two of them, may make such appointment. 2 G. & H. 29.

In the case of *Case* v. *The State*, 5 Ind. 1, this court, in considering an appointment of one *Ryman* as judge *pro tem.* of the *Franklin* Circuit Court, under a similar statute, at a time when the office of circuit judge of that court was vacant, after holding that "the enactment was simply

intended to provide for the temporary absence of a judge," proceeds to say: "However, the view just taken does not dispose of this case. The appointment constitutes a part of the record. It appears in legal form, and gave to the appointee at least a colorable title to the office. He was no usurper, but supposed himself to be rightfully invested, and acted in good faith. A court *de facto*, if not *de jure*, was thus constituted. During the trial no attempt was made to impeach the authority of that court; and after conviction it was too late to question the validity of the title under which its duties were executed. It has been decided that an objection to the commission of the judge should be made on the trial. *The State* v. *Anone*, 2 Nott & McCord, 27; *Taylor* v. *Skrine*, 2 Comst. 696; *The State* v. *Alling*, 12 Ohio, 16."

In the case of *Starry* v. *Winning*, 7 Ind. 311, *Stuart*, J., in delivering the opinion of this court, says: "It is objected, thirdly, that the court had no jurisdiction. The record shows that *S. C. Wilson* was duly appointed judge *pro tem.* by Judge *Bryant.* We see no valid constitutional objection to such appointment. Section 10 of article 7 of the constitution provides, 'that in case of the temporary inability of any judge to hold courts in his circuit, provision may be made by law for holding such courts.' Chapter 4, 2 R. S. 1852, p. 5, is framed to meet the exigency contemplated by the constitution. The appointment of Mr. *Wilson* as judge is presumed to be in pursuance of that act. Its provisions have already been reviewed, and held directory, in *Murphy* v. *Barlow*, 5 Ind. 230. A substantial compliance with what is directed seems sufficient."

In the case of *Jones* v. *The State*, 11 Ind. 357, *Perkins*, J., in delivering the opinion of this court, says: "The regular term of the *Blackford* Circuit Court commenced on the 25th of *October*, on which day the judge of the circuit did not appear, nor did he during the term, and the proper officers appointed Mr. *Howell* as judge to hold the court in his absence, who, says the record, was sworn, and assumed to

act under the appointment. This was right. *Case* v. *The State*, 5 Ind. 1."

It is then well settled that such an appointment may be made, and when made, even in a case not within the act, that it gives a color of right to the office, so as to make a court *de facto*, if not *de jure;* that in a case when the appointment is regular on its face, the objection must be made at the trial, or all objections to the authority of such appointee will be deemed waived.

In the case of *Wilcox* v. *Smith*, 5 Wend. 231, it was held that, "to constitute a person an officer *de facto*, a mere claim to be a public officer, and exercising the duties of the office, are not sufficient; there must be some color of right to the office, or an acquiescence on the part of the public for such a length of time as will authorize the presumption of, at least, a colorable election or appointment."

Now, as the presumption of an appointment may be indulged from acquiescence, we can not conceive a stronger case than the one at bar. The appointment is not made until the term commences; a suitor in court presumed to know the contents of the public record thereof, without objection, not only submits to a trial, but expressly agrees to submit the issues of fact in his case to such an appointee, and after the trial closes, procures him to sign his bill of exceptions, upon which he prosecutes his appeal; it seems to me that such a suitor ought not to be heard for the first time in this court to make such an objection.

But by what rule of law is it that this court will presume that one who assumes to act as judge in the absence of the regular judge is a usurper, acting without color of title? That would be the presumption in the absence of all power to make such an appointment; but when a thing may be lawfully done, the presumption is in favor of innocence.

The case of *The Board of Commissioners of Fountain County* v. *Coats, supra,* is overruled.

The judgment of the Common Pleas Court is affirmed, with two per cent. damages.   Costs here.

*Irvin Robbins,* for appellant.

*Samuel A. Bonner, Oscar B. Hord,* and *Cortez Ewing,* for appellee.

NOTE BY THE COURT.—The case of *Brown* v. *Buzan,* referred to, is under consideration on a petition for rehearing, but not on the point involving the question of the appointment of a judge *pro tem.* under the statute.