Hunter's Adm'r v. Ferguson's Adm'r.

HUNTER'S ADM'R v. FERGUSON'S ADM'R.

1. RECORDS OF JUDICIAL PROCEEDINGS; *Presumptions.* Where a record of the proceedings of a court of general jurisdiction shows upon its face that the court had jurisdiction of both the parties and the subject-matter of the action, and where the whole of the record is introduced in evidence, all presumptions from silence on the part of the record should be construed in favor of the regularity and validity of the proceedings of the court, and not against the regularity and validity of such proceedings.

2. ———— *Judgment of Circuit Court of Alabama.* Where the statute of Alabama provides that "Where any judge of the circuit court [that court being a court of general jurisdiction,] is incompetent to try any case standing for trial, by reason of relationship to parties, or of having been engaged as counsel in the cause, or for any other reason, the parties to the suit must, when the same is reached for trial, nominate some attorney present in court, who must preside as judge for the trial of such cause during that term; and if the parties fail promptly to make such selection, the clerk of the court must nominate the attorney, who shall preside over and try the cause at that term"—and the record of the proceedings of the circuit court of Barbour county, Alabama, in a case therein tried and determined, shows upon its face, in the following words, that "The presiding judge being incompetent to try this cause, and the parties failing to agree upon any one to preside in his place, J. G. S. was selected by the clerk to try the cause;" and where said record further shows that said court as a circuit court had jurisdiction of both the parties and the subject-matter of the action, *held,* that it will be presumed in favor of the regularity and validity of the proceedings of

said court, when such proceedings are attacked collaterally, that the regular circuit judge was incompetent to try said cause for some *legal reason*, and that J. G. S. was an *attorney* present in court.

3. ———— *Presumption; Judge de facto.* But even if it were presumed that the regular judge was competent to try the cause, and that J. G. S. was not an attorney, still as the record shows that said J. G. S. was a special judge *de facto* for the trial of said cause, it must be further *held*, that the proceedings are valid until reversed or set aside by a direct proceeding, and cannot be held void in a collateral proceeding.

4. STATUTE OF ALABAMA; *Judicial Notice.* The statute of Alabama, [§758 (640) of the Revised Code,] authorizing the selection of a special judge of the circuit court to try causes, is in fact unconstitutional and void. But as both parties in this case have agreed that said statute was and is valid and operative, the supreme court of this state cannot declare that it is not valid and operative, for said supreme court cannot take judicial notice of the laws of Alabama in cases of this kind.

*Error from Franklin District Court.*

ACTION on a judgment of the circuit court of Barbour county, Alabama, for $1910, with interest and costs, brought by *James L. Pugh*, as administrator of the estate of John L. Hunter, deceased, against *Calvin Leonard* as administrator of the estate of Robert Ferguson, deceased. Petition filed April 19, 1873, counting on said Alabama judgment. Answer, general denial. The record shows that on the 10th of April, 1866, Hunter, the plaintiff's intestate, brought a suit in the Alabama court above named, against one Bertram J. Hoole, and Ferguson, defendant's intestate, upon a promissory note. Ferguson and Hoole were both *personally* served with the summons and complaint, on April 13th, 1866. The cause came on to be tried, May 22d, 1867, and the plaintiff therein, Hunter, obtained judgment. The record of said trial is copied in full in the opinion, *infra.* Hunter having died, *Pugh* was duly appointed administrator of his estate. *Ferguson* came to Kansas, and died here, and *Leonard* was appointed administrator of his estate. Said Alabama judgment not having been satisfied, the plaintiff brought this suit in the Franklin district court. Trial at the August Term 1873. Plaintiff offered an exemplified copy of the Alabama judgment in evidence. Defendant objected, "that it does not show that

the presiding judge of the circuit court of Barbour county, Alabama, was incompetent to try the cause in said transcript set forth, 'by reason of relationship to the parties, or of having been engaged as counsel in the cause, or for any other reason,' nor that the said John Gill Shorter, selected by the clerk of said circuit court to try said cause, was an attorney present in court, according to the form of the statute of Alabama, in such cases made and provided, and that said judgment in said transcript set forth is void." The district court sustained this objection, and ruled out the record, and gave judgment against the plaintiff for costs. Before offering the Alabama record, the plaintiff read in evidence § 5 of art. 6 of the constitution of Alabama, and § 758 (640) of the Revised Code of Alabama, both of which sections were then admitted by the parties to have been in full force and operation in that state on May 22d, 1867, and since hitherto. *Pugh* brings the case here on error for review.

*John W. Deford*, for plaintiff in error:

1. The transcript was admissible as evidence of the record of a court of a sister state. Its legal effect or sufficiency is a different question. (24 Ala., 260; 8 Porter, 393.)

2. The legal effect or sufficiency of the evidence is settled in *Gunn v. Howell*, 27 Ala., 663. There the court say, "that the constitution of the United States, (art. 4, § 1,) requiring 'full faith and credit' to be given to judgments of the courts of sister states, places them rather on the footing of domestic judgments, and not that of foreign judgments proper." When "duly authenticated and proved, the judgments of sister states are evidence *prima facie* of jurisdiction." And this is the law in Kansas, even as to courts or officers of "special jurisdiction." (2 Kas., 80, 81; 9 Kas., 663; Code, § 121.)

The fact is, however, the question of jurisdiction is *not raised* in this case, although the district court held that the Alabama record failed to show, by its silence as to certain facts, jurisdiction in the court of Barbour county. The only point presented by the record is, whether or not John Gill Shorter, the

*pro tem.* judge, had the right to hold that office — a point entirely distinct from that of the *jurisdiction of the court* over the case. (21 Ohio St., 616; 9 Wis., 267.) But the constitution of Alabama, § 5, art. 6, and the Revised Code of Alabama, § 758, were read in evidence. And it is insisted by defendant in error that the organic and the statute laws of that state impart no validity to the judgment sued on, because it is not recited in the judgment entry, and nowhere appears in the record, that "the *presiding* judge of the circuit court of said Barbour county was incompetent to try the cause set forth in the transcript by reason of relationship to the parties, or of having been engaged as counsel in the cause, or *for any other reason.*" The sole question here is, whether the judgment is *void* because it fails to recite the *cause* or "*reason*" why the presiding judge was incompetent to try the case? The Alabama statute expressly names two grounds, (relationship to the parties, or having been of counsel,) and then makes "any other reason" sufficient to disqualify. Who is the judge of the other reasons? Whom does the statute make the judge of the other reasons? It is said that the "other reason" must be recited to enable the court that is called on to pass upon the validity of the judgment to decide whether the "other reason" *is sufficient.* If the *other reason* is open to the judgment of other judges than the presiding judge, or the attorney who is selected as special judge by the clerk, where is the limit that would make any such judgment valid? If the "other reason" were in fact recited in the record, the sufficiency of that "other reason" is open to adjudication; and what is such a judgment worth unless it recites that the presiding judge was of kin, or counsel? What becomes of the "other reasons?" But what is the manifest law of this case? It is, that the presiding judge of the circuit court of Barbour county was the trier of the *question of fact,* whether he was competent to try the cause or not. The language of the Alabama Code is, "when any judge of the circuit court is incompetent to try any case," etc. No one is named as the judge of *when* the incompetency exists, or on what ground or "rea-

30 — 13 KAS.

son" it exists. Who then is the judge? Most assuredly the presiding judge. Who else can be? Until the fact of relationship, or some other cause, or reason, is ascertained, the presiding judge is alone authorized to try the case, and who *but himself* determines his competency or incompetency? Then it is manifest that the presiding judge is alone charged by the Alabama statute with the ascertainment of the fact of his incompetency. And the authorities are conclusive of the legal proposition, that when a court of general or special jurisdiction is charged by law with the ascertainment of a jurisdictional fact, the simple recital in the record that the judge did ascertain the fact, is conclusive—the recital imports absolute verity. (29 Ala., 510.) The recital that "the presiding judge being incompetent," etc., is certainly the same in substance and legal effect, as the recital that " the presiding judge being incompetent for other reason than that he was related to the parties, or had been of counsel in the cause," etc. The incompetency of the judge depended upon a fact or a reason. *Why* he was held incompetent, the presiding judge fails to state; it may have been relationship or kinship, or "other reason." The Kansas courts are bound to presume either that the presiding judge was related, or of counsel, or that there was "other reason" for his incompetency. What "other reason" is sufficient, was left to the presiding judge, and he recites, he was incompetent. The Kansas courts are bound to hold that the "other reason" was sufficient to show the incompetency of the presiding judge, otherwise he would not have so stated. But if another "reason" were named in the entry, this court, much less the district court, would have no power to question its sufficiency. That would be an inquiry that the supreme court of Alabama alone could enter upon, because such insufficient reason would make the judgment only erroneous, not void.

3. Again, it was objected that the Alabama record does not show, "that John Gill Shorter, selected by the clerk of the circuit court to try said cause," was an "attorney present in

court." But may he not have been in fact such an attorney? Is there any presumption that the clerk violated the law, by choosing an unqualified person? Is not the reverse to be presumed? "The rule by which inspection of the record is governed, is, that legal presumptions do not come to the aid of the record, except as to acts or facts, touching which the record is silent. In such case, it will be presumed that what ought to have been done was not only done, *but rightly done.*" (*Hahn v. Kelley*, 34 Cal.) Moreover, no objection was made at the trial to the authority of Mr. Shorter to act. In fact, the defendants, although *personally* served, chose to make default. "Jurisdiction over a party being obtained, continues until judgment; and he must therefore *take notice* of all the proceedings until that time." (Freeman on Judgts., § 142, p. 115; 5 Ind., 1; 23 Ind., 493; 45 N. Y., 29, 32; 21 Ohio St., 610; 50 Mo., 593.) Unless the district court could legally infer from the *mere silence* of the Alabama record that all the officers of the Barbour county circuit court were either ignoramuses, or knaves, or both, its action in excluding the transcript was erroneous.

*Mason & Parkinson,* and *Robt. McFarland,* for defendant:

The transcript was not admissible as evidence of the record of a court of a sister state, since the record itself discloses the want of jurisdiction in the court rendering the judgment in Barbour county, Alabama. (24 Ala., 269; 8 Porter, 312.) The district court of Franklin county did not err in ruling out the transcript, since it was void on its face, by the laws of the state of Alabama, and was properly so declared by said district court, which had the right to inquire into the jurisdiction of the court in Alabama rendering it. (Sec. 5, art. 6, Constitution of Alabama.) Though the circuit courts of Alabama have original jurisdiction in civil and criminal cases, limited as to civil cases involving more than fifty dollars, "nevertheless, when a special authority has been conferred upon a circuit court by statute, it is, *quoad hoc,* an inferior and limited court, and must, like all other courts of limited stat-

utory jurisdiction, show upon its records every jurisdictional fact necessary to support its authority to adjudicate the subject-matter before it." (27 Ala., 675; 36 Ala., 662; 6 Wheaton, 119; 29 Ala., 451; 18 Ala., 694; 13 Ala., 435, 662; 1 Peters, 310.)    The supreme court of Alabama, in affirmation of the principle "that when a court of general jurisdiction has a special authority conferred on it by statute, it is *quoad hoc* an *inferior* and *limited court*," has invariably held that everything required by the statute essential to the exercise of the right, was necessary to the jurisdiction of the court, and must appear from its proceedings in the same manner as courts created by statute are required to set out in the record of their proceedings every fact necessary to give them jurisdiction; and the absence of such facts on the record renders void their proceedings. (26 Ala., 676; 8 Porter, 99; 8 Porter, 104; 1 Ala., 50; 23 Ala., 369.)

Section 758 of the Alabama Code is more special in its nature than a statute which confers additional powers on a court, as such, in this, that it confers special authority upon the parties to a cause in court, and on their failure to exercise the power conferred, upon the clerk of the court to select a special judge from among the attorneys present in court at the time when the cause is called, to try the same, *when* the judge of the circuit court has been engaged as counsel, or is related within certain degrees to the parties, or has an interest in the suit, etc., and is thereby disqualified and prohibited by law from presiding.    The first jurisdictional fact which must exist, and which must appear of record, to vest power and authority in the parties, or in the clerk, to nominate a special judge, is the one which renders the presiding judge disqualified to preside in the case.    Then when this has been shown, the next fact which must exist and appear of record is, that the person selected by the parties or by the clerk is an *attorney*.    The statute is imperative on this point also.    Observe how restricted the power of a special judge is over this case, even if the record of the proceedings support his jurisdiction. He cannot try any other case on the docket, and his power

over the particular case is limited to that term of the court; if the case is not tried, he can only make the necessary orders and continue it. We therefore say that the transcript of the Alabama record in this cause shows upon its face that the judgment is void: 1st, it shows that the judgment was not rendered by the judge of the circuit court of Barbour county; 2d, it does not show that the circuit judge had been counsel in the case, or was related to either of the parties, or that he had an interest in the subject-matter of the suit, and thereby rendered incompetent and disqualified by law to preside on the trial, and thus vest authority and power in the parties to the suit, or in the clerk of the court, where the parties fail to select, to nominate some attorney to try the case; 3d, it does not show that John Gill Shorter was *an attorney;* 4th, even if the record did show that John Gill Shorter was an attorney, still he would not, as special judge, have jurisdiction of the case, as the fact which disqualified the circuit judge nowhere appears on the record; and if the fact which in law disqualified the circuit judge to preside had appeared of record, the failure of the record to show that John Gill Shorter was *an attorney* would have rendered his judgment void for want of jurisdiction also.

The judgment entry, shown by the transcript, made by John Gill Shorter in the cause, while pending in the circuit court of Barbour county, Alabama, between Hunter, plaintiff, and Ferguson and Hoole, defendants, and the judgment rendered by said John Gill Shorter, are void; for, in the language of Chief Justice Marshall in the case of *Thatcher v. Powell,* 6 Wheaton, 119, "When a court exercises an extraordinary power, under a special statute, which prescribes its course, that course ought to be strictly pursued, and *the facts which give jurisdiction* ought to appear on the face of the record, otherwise the proceedings are not *merely voidable,* but absolutely void, as being *coram non judice.*"

The opinion of the court was delivered by

VALENTINE, J.: This was an action founded upon a supposed judgment claimed to have been rendered by the circuit

court of Barbour county, Alabama. The defendant in error (defendant below,) denies the validity of said judgment. The court below held it to be void; and the only question now presented to us is, whether it is void or not. The only ground upon which it is claimed to be void is as follows: It is claimed that the judgment was not rendered by the regular judge of the circuit court of said county, nor by any other person authorized to render judgment in that court. The journal entry of said judgment reads as follows:

(*Title.*)                                "*Judgment, May* 22d, 1867.

. "The presiding judge being incompetent to try this cause, and the parties failing to agree upon any one to preside in his place, John Gill Shorter was selected by the clerk to try the cause: And thereupon came the plaintiff by attorney, and the defendants being called came not, but made default. It is therefore considered by the court that the plaintiff recover of the defendants the sum of $1,910 for his damages, and also the costs in this behalf expended, for which let execution issue."

Section 758 (640) of the Revised Code of Alabama reads as follows:

"When any judge of the circuit court is incompetent to try any case standing for trial, by reason of relationship to parties, or of having been engaged as counsel in the cause, or for any other reason, the parties to the suit must, when the same is reached for trial, nominate some attorney present in the court who must preside as judge for the trial of such cause during that term; and if the parties fail promptly to make such selection, the clerk of the court must nominate the attorney who shall preside over and try the cause at that term."

It was admitted in the court below that said section was in full force and operation in Alabama at the time of the rendering of said judgment, and since, hitherto. It is claimed that said judgment is void for· the following reasons: First, the record thereof shows upon its face that the judgment was not rendered by the regular judge of said circuit court; second, it fails to show any specific disqualification on the part of said regular judge; third, and it fails to show that John Gill Shorter was an attorney present in court. Now said § 758 (640) of the Alabama Code is a sufficient answer

Opinion of the Court.

to the first objection, for under that section it was not necessary that the regular judge should try said cause; hence we need to consider only the second and third objections, and we shall consider both of these together.

The circuit court of Alabama is a court of record with general original jurisdiction. This is shown by § 5, article 6 of the constitution of Alabama, (read in evidence in the court below,) by the record of the proceedings of the said circuit court, and by the certificates of the clerk and judge of said court who authenticated said record. The said circuit court had jurisdiction as a circuit court of the subject-matter of the action in which said judgment was rendered. It had jurisdiction of both of the defendants in that action by personal service of the summons upon each of them; and the whole of the record of all the proceedings in that action was introduced in evidence in the court below in this action. Hence all presumptions from silence or absence on the part of the record of said judgment should be construed in favor of the regularity and validity of the proceedings of the said circuit court, and not against them. (*Galpin v. Page*, 18 Wallace, 350.) It is a rule of universal application, that whenever a record of a court of general or superior jurisdiction is merely silent upon any particular matter, it will be presumed, notwithstanding the silence, that whatever ought to have been done was not only done but that it was rightly done. (*Hahn v. Kelly*, 34 Cal., 392.) This is the universal doctrine of the courts. Hence we think it ought to be presumed in accordance with the express declaration of the record of said judgment that the presiding judge of said court was *incompetent to try said cause*, although the record does not disclose the facts which rendered him incompetent; and we think it ought to be presumed that John Gill Shorter was an attorney present in court, although the record does not show that he was an attorney. The Alabama decisions referred to by defendant in error as applicable to this point have really no application whatever. They amount simply to this: whenever some special matter not coming within the ordinary jurisdiction of

the circuit court, but belonging of right to some other court possessing only special and limited jurisdiction, is conferred upon the circuit court, to be by it heard and determined because of some disqualification on the part of the judge of the court of special and limited jurisdiction, the circuit court will for such special matter become merely a court of special and limited jurisdiction, just like the court to which such special matter rightfully belongs; and therefore every fact necessary to give such circuit court jurisdiction of such special matter must affirmatively appear upon the face of the record of the proceedings of such circuit court, just as it should appear upon the face of the record, of the proceedings of such court of special and limited jurisdiction, or such proceedings will be held to be void for the want of jurisdiction. That is, the record of the court of general and superior jurisdiction must for this special matter be just as full with regard to jurisdictional facts as the record of the court of special and limited jurisdiction. The record of the two courts for the special matter must be alike. In the present case however the subject-matter of the action in which said judgment was rendered does not belong to any court of special and limited jurisdiction. No court of special and limited jurisdiction could adjudicate upon it. But it belongs rightfully to the circuit court, and to no other court. The authority to hear and determine the subject-matter of said action is not a special authority conferred upon the circuit court, but it comes within its general and ordinary jurisdiction. It is not determined by some special statutory mode of procedure established for some court of special and limited jurisdiction; but it is determined by the ordinary mode of procedure established for the circuit court. The case is tried just as any other case is tried in the circuit court, except that it is tried before a special judge, or judge *pro tem.* The record is made up in the same manner; the proceedings are under the control and within the custody of the same officers, and the record of the proceedings are authenticated in the same manner. The court, although temporarily presided over by a special or *pro tem.* judge, is still

essentially the circuit court. It is not a court exercising merely a special and limited jurisdiction, but it is a court in the exercise of a general and superior jurisdiction, although presided over temporarily by a special judge; and therefore all the proceedings of said court should be examined and construed in the same manner as the proceedings of the circuit court are usually examined and construed. If otherwise, however—if all presumptions from silence on the part of the record are to be construed against the regularity and validity of the proceedings of the circuit court in such cases, then all such presumptions are not only to be drawn against the record of a court of general and superior jurisdiction, but they are also to be drawn against the intelligence, the care, and diligence, or the good faith of the regular officers of that court. It must be presumed against the officers, the judge, the clerk, and the sheriff, that they allowed a usurper to intrude into the judge's office, to take possession of all the paraphernalia of the court, and to preside over its deliberations. Such presumptions should not be allowed. On the contrary, we think all presumptions should be in favor of the regularity and validity of the proceedings, and in favor of the intelligence, diligence and good faith of all the officers. We would refer to the following authorities as applicable to this point: *State v. Carroll*, 38 Conn., 449; 12 Am. Law Reg., N.S., 105; *Feaster v. Woodfill*, 23 Ind., 493, 497; *Starry v. Winning*, 7 Ind., 311, 314. In the case of *Horton v. Pool*, (40 Ala., 629, 632,) Judge Byrd of the supreme court of Alabama in delivering the opinion of the court says: "The record should have shown affirmatively that the person chosen to preside on the trial of the cause in the court below was an attorney of the court. (Code, § 640.) But without determining whether the record so shows, we are satisfied that there is no error shown by the bill of exceptions of which the appellant can legally complain." This is all there is said upon the subject in his decision. The supreme court of Alabama by this decision substantially says, that although the record may be silent as

to whether a special judge trying the cause is an attorney or not, yet, that even where the record is attacked directly, on an appeal, no error in the record is affirmatively shown of which the party attacking the record can complain. What would the court have said if the record had been attacked collaterally, as in the case now before us? It is supposed that the court would have said that the judgment was void. The court in that case affirmed the judgment of the court below, although the record was silent as to whether the special judge trying the cause was an attorney or not. And whoever heard of an appellate court affirming a void judgment? Whoever heard of an appellate court making a void judgment valid by affirming the same? Even on appeal the appellate court will not examine to see whether the judge trying the cause was legally the judge, unless the question was raised in the trial court. (*State v. Anone*, 2 Mott & McCord, (S. C.) 27; *Feaster v. Woodfill*, 23 Ind., 493.) *A fortiori*, a court will not examine such a question when the judgment is attacked collaterally.

But for the purposes of this case, suppose that the regular judge of the said circuit court of Alabama was entirely competent in every respect to try said cause, and suppose that John Gill Shorter was not an attorney present in court, then is the judgment void? Is it a nullity, when attacked collaterally, as in this case? We think not. The laws of Alabama, as admitted by the parties, provide for such an officer as a special judge *pro tem*. John Gill Shorter was regularly selected and regularly installed as such officer for the trial of said cause. He took possession and control of the office for that purpose. He was duly recognized by all the officers of the court, the parties present in court, and others, as such officer. A record of his proceeding was regularly kept and preserved as in other cases, and such record was at the time it was made and still is recognized as a part of the records of said court. And the present judge and clerk of said court duly authenticate the very transcript of said record which was offered in evidence in this case, which was held to be

void by the court below.    John Gill Shorter was in fact beyond all doubt a special judge *de facto* of said court.    And as such judge *de facto* we do not think his proceedings can be attacked in the collateral manner in which they are now attempted to be attacked.    They must be held valid and binding until attacked by some direct proceeding instituted for the purpose of attacking them.    This doctrine we think is universally recognized and maintained. *State v. Carroll,* 38 Conn., 449; *State v. Carroll,* 12 Am. Law Reg., N.S., 105; *Feaster v. Woodfill,* 23 Ind., 493, 497; *Case v. The State,* 5 Ind., 1; *Starry v. Winning,* 7 Ind., 311, 314; *Jones v. The State,* 11 Ind., 357; *Taylor v. Skrine,* 3 Brevord, (S. C.) 516; *State v. Anone,* 2 Nott & McCord, (S. C.) 27; *In re Boyle,* 9 Wis., 264; *State v. Bloom,* 17 Wis., 521; *State v. Douglas,* 50 Mo., 593; *People v. Bangs,* 24 Ill., 184; *Clark v. Commonwealth,* 29 Penn. St., 129; *Ex parte Strong,* 21 Ohio St., 610; *Pepin v. Lackenmeyer,* 45 N. Y., 27, 32; *People v. White,* 24 Wend., 520; *State v. Alling,* 12 Ohio, 16.

We have considered said § 758 (640) of the Alabama Code as valid and operative, because the parties to this suit agreed that it was, and nothing was introduced in evidence which tended to show that it was not valid and operative.    It is in fact however unconstitutional and void, and the supreme court of Alabama has recently held it to be unconstitutional and void.    (*Ex parte James M. Amos,* decided by the supreme court of Alabama July 30th, 1874.)    We cannot take judicial notice of the constitution or laws or judicial decisions of Alabama, or of any other state.    They must be proved by the introduction of evidence. (Gen. Stat., 700, § 370; *Porter v. Wells,* 6 Kas., 455; 1 Greenl. Ev., § 489; 2 Phil. Ev., (5 Am. ed., with Cowen & Hill's and Edwards' Notes,) original page 428, note 1.)    It is true, for the purpose of construing our own laws, or of determining what our own laws are, we take judicial notice of everything that can in any manner aid us in such construction or determination, for we are bound to know what our own laws are without any proof thereof.    And as we are bound to take judicial notice of

what our own laws are, we are bound to take judicial notice of everything that will in any manner aid us in determining what our own laws are. For this purpose, and so far as they are applicable, we may take judicial notice of the existence and history of the laws of every country and of every age. We may indeed take judicial notice of everything that can be known or understood of every law that has ever been passed, of every decision that has ever been promulgated, of every transaction that has ever occurred, of every event that has ever transpired, and of every fact that has ever existed. But except for the purpose of construing our own laws and of determining what they are, we can know but very little except through the medium of evidence. Except for that purpose we can know the laws of other states only as they are proved to us like other facts. Hence we cannot take judicial notice (against the agreement of the parties) that said § 758 (640) of the Alabama Code is unconstitutional and void. We have however examined the constitution of Alabama, and we agree with the supreme court of that state, that said § 758 (640) is unconstitutional and void so far as it attempts to authorize the selection of a special judge of the circuit court.

The judgment of the court below must be reversed, and cause remanded for further proceedings.

All the Justices concurring.