# Roberts *v.* The State.

*Indictment for Robbery.*

1. *Trials and its incidents; appointment of special judge; judgment not void because record fails to show appointment.*— Where a case is tried by a special judge, and on appeal the bill of exceptions shows that a certain named person presided on the trial in the court below as special judge, the fact that the record proper does not affirmatively disclose that such person was regularly selected or appointed as special judge in the manner prescribed by law, does not render the judgment appealed from void, making it necessary to dismiss the appeal.

APPEAL from the Tuscaloosa Law and Equity Court.
Tried before the Hon. A. S. VANDEGRAAFF.

The appellant, John Roberts, was indicted and convicted for robbery and sentenced to the penitentiary for five years. This case being brought here on appeal, there was a motion made to dismiss the case on the ground that the record discloses that the case was tried by A. S. VandeGraaff, Esq., a person other than the regular judge of the court, and does not affirmatively show that such person was regularly and duly selected or appointed as a special judge. It was in response to this motion the decision was rendered.

ROBISON BROWN and FRANCIS M. PURIFOY, for appellant.

CHAS. G. BROWN, Attorney-General, for the State. The court will take judicial notice that Hon. J. J. Mayfield was the judge of the Tuscaloosa County Law and Equity Court at the time of the trial of this cause. The record does not show any selection or appointment of A. S. VandeGraaff as special judge, and, therefore, the appeal should be dismissed.—Code of 1896, §§ 2637, 3381, and authorities thereunder cited; 11 Encyc. Pl. &

Pr. pp. 790, 791, and authorities thereunder cited in note 4; *Horton v. Poole,* 40 Ala. 629; *Lawler v. Lyness,* 112 Ala. 386; *Smith v. Harworth,* 53 Mo. 88; *Wall v. Launey,* 52 Ark. 113.

On motion of Attorney-General to vacate former judgment dismissing appeal, etc.

McCLELLAN, C. J.—What purports to be a bill of exceptions appearing in the transcript in this cause shows that A. S. VandeGraaff presided on the trial in the court below as special judge. The record proper of the trial court as certified to us does not show the occasion for Mr. VandeGraaff's selection or appointment, nor the manner thereof, nor even the fact of such selection or appointment. It is utterly silent on the subject. On the theory that to the validity of the judgment it was essential that the appointment of the special judge should affirmatively appear upon the record of the trial court, and by certification of that record should for the purpose of the appeal affirmatively appear here, and that, the fact not so appearing, the judgment was void and would not support an appeal, we entered an order on May 11, 1900 (during this term) dismissing the appeal. Upon the further consideration of the matter invoked by the motion of the Attorney-General, we have reached a different conclusion, being now of opinion that the judgment as presented to us on the appeal is not void, or even reversible and voidable on account of the state of the record in this court in respect of the trial having been had before a person as judge who is not the regular judge of the Tuskaloosa County Court.

Formerly there was a statute which undertook to provide for the trial of causes in which the judge of the court was disqualified, by special judges. This statute was declared unconstitutional in *Ex parte Amos,* 51 Ala. 57; and to meet that decision the provision was embodied in the Constitution itself, and constitutes § 18, Art. VI. of the Constitution of 1875. It is as follows:

"If in any case, civil or criminal, pending in any circuit, chancery, or city court in this State, the presiding judge or chancellor shall, for any legal cause, be incompetent to try, hear, or render judgment in such cause, the parties or their attorneys of record, if it be a civil case, or the solicitor or other prosecuting officer and the defendant or defendants, if it be a criminal case, may agree upon some disinterested person practicing in the court and learned in the law, to act as special judge or chancellor, to sit as a court, and to hear, decide and render judgment in the same manner and to the same effect as a judge of the circuit or city court, or chancellor sitting as a court might do in such case. If the case be a civil one, and the parties or their attorneys of record do not agree, or if the case be a criminal one, and the prosecuting officer and the defendant or defendants do not agree, upon a special judge or chancellor, or if either party in a civil case is not represented in court, the clerk of the circuit or city court, or register in chancery, of the court in which said cause is pending, shall appoint the special judge or chancellor who shall preside, try, and render judgment as in this section provided." It is to be noted that there is no requirement in this section that the agreement of the parties or their attorneys, or of the solicitor and the defendant, or even the appointment of the clerk or register, in the absence of agreement, should be in writing, and none that such agreement as to or appointment of a special judge should be entered on the minutes or records of the court. Doubtless it would be the better practice for such agreement and appointments to be in writing and to be spread on the records; but as the letter and spirit of the organic law may be complied with and executed without any writing or record, it would seem necessarily to follow that the integrity of judgments rendered by special judges so agreed upon or appointed, or by courts presided over by them, or even the competency of such judges to sit could not be impeached even in a direct proceeding based upon objections taken on the trial, for the want or absence of a written memorial or recordation of their selection or appointment.

But however that may be, reason and uniform author-
ity concur in support of the propositions, *first,* that
when a special judge has in fact presided in the trial of
a cause, there being provision of law for the selection
or appointment of such judge under certain conditions
in or for the trial of such cause, he is a *de facto* judge
*pro hac vice* even though the law require his appoint-
ment or selection to be evidenced by writing and spread
upon the record, and there is no writing and no record
and his judgments are not void, but at most voidable
only upon direct attack, and not assailable at all col-
laterally; and *second,* that where such judge, though not
appointed or selected in writing, writing being required
or his appointment or selection being required to be
entered of record and there being no record thereof, pre-
sides on the trial and judgment is thereon rendered, and
no objection is made to his competency in the court over
which he so presides, on appeal all possible objections
in that connection are deemed to have been waived, and
the appellate court must conclusively presume that his
selection or appointment was in all respects regular and
in strict compliance with the requirements of law ob-
taining in the premises; and neither party can be heard
for the first time on appeal to object thereto for that the
law required the selection or appointment to be in writ-
ing, and it was not, or that the requirement was that the
selection or appointment should be recorded and it was
not recorded.    The bill of exceptions transcribed in the
record before us shows that Mr. VandeGraaff presided
on the trial of this cause in the court below.    That bill
of exceptions is certified to this court by the clerk of the
trial court as a part of the record and proceedings, or
record of the proceedings in the trial court under pro-
vision and requirement of law, and as certified becomes
a part of the record of the cause in this court.    This is
quite sufficient to overturn the *prima facie* presumption
from the silence of that part of the record proper of the
trial court, which is certified to us that the regular judge
presided on the trial and to show that Mr. VandeGraaff
did preside.    Conceding that the agreement for him to
so preside should have been in writing, and that it is not

shown here to have been in writing, and further that said agreement should have been entered on the records of that court and that it is not shown here to have been so entered, he was yet the *de facto* judge of that court in this cause, and no objection having been made in that court to his sitting in the cause, hearing and determining it, and rendering judgment, the case stands here on this appeal on the presumption, and just as if in point of fact shown by the record here, his selection or appoint had been in writing and entered of record, and such writing and record had fully set forth the conditions authorizing his selection or appointment as special judge to try this cause—II Encyc. Pl. & Pr. p. 793; *Hunter's Admr. v. Fergguson's, Admr,* 13 Kan. 462; *Railway Co. v. Rowland,* 3 Tex. Civ. App. 158, 166; *Schultze v. McLeary,* 73 Texas, 94; *Greenwood v. State,* 116 Ind. 485; *Feaster v. Woodfill,* 23 Ind. 493; *Sweeptzer v. Gaines,* 19 Ark. 96; *Kenney v. Phillipy,* 91 Ind. 511; *Winterrowd v. Messick,* 37 Ind. 122; *Vandever v. Vandever,* 3 Metc. (Ky.), 137; *Kennedy v. Steele,* 53 Ind. 542; *Schlungger v. State,* 113 Ind. 295; *Bowen v. Swonder,* 121 Ind. 164; *Lillie v. Freutman,* 130 Ind. 16; *Stone v. Stone,* 2 Metc. (Ky.), 339; *Higby v. Ayres,* 14 Kan. 331; *Budd v. Woolfolk,* 4 Bush, (Ky.), 555; *Bartley v. Phillips,* 114 Ind. 189; *Masterson v. Matthews,* 60 Ala. 260; *State v. Carroll,* 38 Conn. 449; *Spradling v. State,* 17 Ala. 440; *Harris' Heirs v. Harris' Admr.* 41 Ala. 364.

The case of *Horton v. Pool,* 40 Ala. 629, is supposed to be an authority to the effect that the record of a cause in this court should show affirmatively a valid selection or appointment of a special judge trying it in the court below. It is there said by BYRD, J.: "The record should have shown affirmatively that the person chosen to preside on the trial of the cause in the court below was an attorney of the court. But without determining whether the record so shows, we are satisfied that there is no error shown by the bill of exceptions of which the appellant can legally complain." Now if it was necessary for the record to show affirmatively the appointment of the special judge, it was of course necessary for

this court to determine whether it did, and finding that
it did not so show, it would have been further neces-
sary for this court to hold that the appointment was er-
roneous and reverse the judgment or to hold there had
been no appointment and therefore no judge, and that
the judgment was void, in fact no judgment, and there-
upon to have dismissed the appeal.   But as a matter of
fact this court *affirmed* that judgment, holding neces-
sarily not only that it was a judgment and would sup-
port an appeal, but further that no error was committed
in rendering it.   So the conclusion must be that the
learned judge delivering the opinion in that case must
have meant only that as a matter of orderly practice the
record should show the appointment, qualifications, etc.,
of the special judge, and not that its failure so to show
these things affected the integrity of the judgment.   Of
this case of *Horton v. Poole,* it is said by the Supreme
Court of Kansas (in a case which curiously enough di-
rectly involved our then statute providing for special
judges, the action being on an Alabama judgment ren-
dered in a cause in which a special judge presided) in
*Hunter's Admr. v. Ferguson's Admr.*:   The Supreme
Court of Alabama by this decision substantially says,
that although the record may be silent as to whether the
special judge trying the cause is an attorney or not, yet,
that even where the record is attacked directly, on an
appeal, no error in the record is affirmatively shown of
which the party attacking the record can complain.
What would the court have said if the record had been
attacked collaterally, as in the case now before us?   It
is supposed [by counsel] that the court would have said
the judgment was void.   The court in that case affirmed
the judgment of the court, although the record was
silent as to whether the special judge trying the cause
was an attorney or not.   And whoever heard of an ap-
pellate court affirming a void judgment?     Whoever
heard of an appellate court making a void judgment
valid by affirming the same?   Even on appeal the ap-
pellate court will not examine to see whether the judge
trying the cause was legally the judge unless the ques-
tion was raised in the trial court.   *A fortiori,* a court

will not examine such a question when the judgment is attacked collaterally." (13 Kan. 473-4).

It may be, and it is so held in several States, that the competency of a special judge for the trial of a particular cause, the authority for and regularity of his selection, etc., etc., although he is a judge *de facto,* can be tested on appeal from the judgment when the question has been duly raised on the trial; but even in such case the judgment would at most, it would seem, be voidable and reversible for error, and not void, and hence unappealable; and the appeal should not be dismissed, but considered and determined upon the question of the competency of the special judge, as well as upon other questions reserved. But in any view as to that we are now clear to the conclusion that when no such question is made in the trial court, the judgment rendered is to all intents and purposes as regular and valid as if the regular judge of the court had presided on the trial; and the appeal from it must be entertained accordingly.

It will, therefore, be adjudged that the judgment of this court dismissing this appeal, is vacated and annulled. The motion to dismiss, as also the motion to strike out the bill of exceptions, is overruled; and the cause stands for consideration under the original submission on its merits.

TYSON, J.—It appears from the judgment entry that on the day of the arraignment of the defendant upon the indictment, he was tried. "Capital punishment having been waived by consent," no day was set for the trial of the case, and no special jury was drawn as required. For this error the judgment of conviction must be reversed.—*Bankhead v. The State,* 124 Ala. 14. We have examined the record and find no other error.

Reversed and remanded.