*J. B. Niles*, for appellees.

────────·─•◦•─·────────

## REDWINE *v.* THE STATE.

An adjournment of a Circuit Court for more than three days does not work
   an adjournment till Court in course ; such result only follows when the
   judge is absent without having made a regular adjournment for the time
   of his absence.

APPEAL from the *Marion* Circuit Court.                         *Tuesday,*

PERKINS, J.—Indictment for a felony.   Conviction, and   *December* 11
sentence to the State prison.   The trial occurred at the
*November* term of the *Marion* Circuit Court, 1860.   Before
it took place, however, the Circuit judge had made an ad-
journment, entered of record, of the Court, from the 3d to
the 9th day of *November*, being a longer period of time than
three days.

Nov. Term, 1860.

It is claimed that such adjournment operated as an adjournment of the Court till the next term in course, and that the trial of this cause, which took place after such adjournment and before the next term in course, was a nullity.

The statute provides:

SEC. 16. "There shall be no discontinuance of any suit, process, matter, or proceeding whatever, returnable to, or pending in, any Circuit Court, by reason of a failure of the judge to attend on the first or any other day of the term."

SEC. 17. "If such judge shall not attend, the clerk or sheriff may adjourn the Court for two days successively; and, if such judge shall not attend on the third day, or having attended one day, shall fail to attend for three successive days of the term, the Court shall stand adjourned until Court in course; unless a judge *pro tempore* has been appointed as herein provided." 2 R. S., § 17, p. 7.

The *pro tempore* judge, mentioned, may be appointed to hold a term, or part of a term, where there has not been an adjournment; but he can not hold during a time when the Court has been regularly adjourned.

We think § 17 meets the case, and that only, where the judge is absent without having made a regular adjournment of Court for the time of his absence.

*Per Curiam.*—The judgment is affirmed, with costs.

