DANNEBURG *v.* THE STATE.

Where a cause is tried in whole or in part before any other than the regular judge of the Court, the record should show legal authority in such person to act as judge, or it will be rejected by this Court.

CRIMINAL LAW AND PRACTICE.—In a criminal prosecution, the defendant may prove, under the plea of not guilty, that he had already been put in jeopardy on the same charge, and such defence needs not to be specially pleaded.

APPEAL from the *Noble* Circuit Court.

WORDEN, J.—This was an indictment against the appellant for an assault and battery with intent to kill. Arraignment, plea not guilty, trial, conviction and judgment. The only point made for a reversal is that the Court erred in sustaining a demurrer to a special answer put in by the defendant, which answer, as we infer, set up that the defendant had already been put in jeopardy on the same charge.

The answer in question, however, is not in the record. It no where appears except in a paper which purports to be a bill of exceptions, which is signed, not by the judge of the Court, but by *Stephen S. Wildman.* The record shows that the proceedings all took place before the Hon. *E. R. Wilson,* judge of the 10th judicial circuit, and the paper signed by Mr. *Wildman,* the record not showing any appointment or authority to him, to act in the matter, or that any part of the proceedings took place before him as acting judge of that Court, must be rejected. *Negley* v. *Wilson,* 14 Ind. 215; *Cooper* v. *Lingo,* 17 Ind. 67. It may be further remarked that no exception appears to have been taken to the ruling, otherwise than by the bill of exceptions thus signed by Mr. *Wildman.* Thus the question sought to be presented is not properly before us. It should be observed that if the ruling on the demurrer were wrong, it is by no means clear that the error would reverse the judgment, inasmuch as the defendant

could have fully availed himself of the defence under the plea of not guilty. In a civil cause, such error would not be fatal, and perhaps not in a criminal. *Case* v. *The State,* 5 Ind 1.

*Per Curiam.*—The judgment below is affirmed, with costs.

*McDonald, Roache & Lewis,* for the appellant.

*Oscar B. Hord,* Attorney General, for the State.