Kambieskey *v.* The State.

*J. A. Matson, R. L. Hathaway* and *W. A. Brown,* for appellant.

*D. E. Williamson* and *A. Daggy,* for appellees.

---

KAMBIESKEY *v.* THE STATE.

JUDGE PRO TEMPORE.—Where a judge *pro tempore* has presided at a trial, the minutes of the proceedings should be signed by him, but if signed by the regular judge, the irregularity does not render the proceedings void.

SAME.—The judge of the *Wayne* Circuit Court, being unable to attend on the first day of the term, wrote to the clerk of said court directing him to procure the judge of the Court of Common Pleas to preside and charge the grand jury. The letter was delivered to the Common Pleas judge, and he, as requested, presided in the Circuit Court until the arrival of the regular judge.

*Held,* that the appointment was in substantial compliance with the statute.

*Held,* also, that it was competent for the court to order the letter of appointment to be entered upon the minutes *nunc pro tunc.*

APPEAL from the *Wayne* Circuit Court.

GREGORY, C. J.—The appellant was indicted in the court below at its *February* term, 1866, for unlawfully selling intoxicating liquor. He answered as follows, under oath:

"The defendant now comes in person and by counsel, and for answer to the indictment against him says, that the

State ought not further to maintain the prosecution thereon, because he says that the grand jury which found and returned the indictment, at the *February* term of this court, was not legally *organized, and had no competent authority to find and return the same.

"And he further says that *Silas Colgrove,* the present judge of the *Wayne* Circuit Court, was absent and not in attendance on said court on the first day of said term, and that he had written a letter to the clerk of the *Wayne* Circuit Court, of which the following is a true copy:

"'WINCHESTER, IND., *February* 1, 1866.

"'Clerk of the *Wayne* Circuit Court—Sir: I shall be unable to attend the meeting of the *Wayne* Circuit Court on *Monday* next, and you will please have *John F. Kibbey,* judge of the *Wayne* Common Pleas, to charge the grand jury.

'Respectfully,      SILAS COLGROVE.'

'That said letter, addressed to 'the clerk of the *Wayne* Circuit Court, *Centerville, Ind.,'* was, by *Robert Corbally,* deputy clerk of said court, delivered to said *John F. Kibbey,* judge of the *Wayne* Common Pleas Court, and said *Kibbey,* by virtue thereof, presided as judge of the *Wayne* Circuit Court, and, as such, presided at the calling and organization of the grand jury, and selected as foreman thereof one *James T. Nicholson,* and then proceeded to charge said grand jury, which grand jury found and returned this indictment, and the said *Nicholson* signed the same as foreman, and said grand jury, during said term, acted by virtue of said organization alone; that the said *Kibbey* was not selected to act as judge of said court on said first day of the term, in the absence of the judge thereof, by the clerk, sheriff, and auditor of *Wayne* county, *Indiana,* nor was any other or different appointment made by said *Colgrove* of said *Kibbey* than the one hereinbefore set out; that said letter was not, on the first day of said court, entered on the order book thereof, nor was any entry thereof made on said order book until *February* 24th, being the 18th day of the *February* term, when said *Colgrove* ordered said letter to be

entered on the order book of said court, among the proceedings of said 18th day, *nunc pro tunc,* as of the proceedings of said first day.

"And defendant further avers that the proceedings of said first day of this term have, as yet, been signed only by said *Silas Colgrove,* and that he did not on said first day of said term act as judge of said court, nor discharge any of the duties of said office. And he further avers that nothing was done in regard to the selection, swearing or charging of said grand jury, or the selection of a foreman thereof, except as herein averred; and that he was not under arrest prior to, nor at the commencement of, said term, nor was he under recognizance to appear before the grand jury, nor before this court."

The State demurred to the answer, and the demurrer was sustained. This presents the only question in the case in judgment.

It is claimed that the first day's proceedings, including the impanneling of the grand jury, are void, because *Kibbey,* who acted as judge, did not sign them. They were signed by the regular judge, who was absent at the time. This was not regular, but it is an irregularity which does not render the proceedings void. 2 G. & H., § 22, p. 9.

The appointment of *Kibbey* was in substantial compliance with the statute. 2 G. & H., § 4, p. 10.

It was competent for the court below to order the written appointment of *Kibbey* to be entered on the order book *nunc pro tunc.*

The judgment is affirmed, with costs.

*J. H. Popp,* for appellant.

*D. E. Williamson,* Attorney General, for the State.