### BARNES *v.* THE STATE.

CIRCUIT COURTS.—APPOINTMENT OF JUDGE.—When a judge of the Circuit Court is disqualified to sit in a cause by reason of his kinship to the parties, and an attorney is appointed to try the cause, it must appear that he was "mutually agreed upon by the litigants." An appointment by the judge without such agreement is void.

SAME.—An attorney holding a court under such an appointment is not a judge *de facto*, and all his acts are without authority.

  . APPEAL from the *Owen* Circuit Court.

ELLIOTT, C. J.—*Barnes* was indicted in the *Owen* Circuit Court, with two others, for burglary, robbery and grand larceny. He was tried alone upon the indictment, and convicted of the burglary and robbery, and sentenced to pay a fine of one dollar, and be imprisoned in the state prison for two years, a motion for a new trial having been overruled.

Numerous questions are presented and urged by the appellant's counsel, as causes for the reversal of the judgment. A fatal objection, however, to the proceedings is presented at the very threshold, for which the judgment must be reversed, and which renders it unnecessary that we should examine the others. The objection referred to is

the want of legal authority on the part of the person who presided at the trial to hold the court and try the cause. The record shows that the court was organized, and the grand jury that found the indictment empanneled, by the Hon. DELANO R. ECKLES, the judge of the sixth judicial circuit, of which the county of *Owen* forms a part; that on the fourth day of the same term of the court, and after the indictment was returned into court by the grand jury, and upon the calling of the cause for trial as to said *Barnes*, the record states that "Hon. D. R. ECKLES, judge of this court, declines to try said cause on account of relationship to the parties, which is now in open court admitted by both parties, and it is now therefore ordered that the venue in said case be, and the same is hereby, changed from before the said ECKLES to and before NEWTON F. MALOTT, an attorney of this court, eligible to the office of circuit judge, who has been duly appointed in writing, and is hereby appointed to preside as judge during the trial of this cause." The court, during the trial of the cause, was accordingly held by said MALOTT, and the final judgment therein was rendered by him.

Section 76 of the act regulating criminal pleadings and practice, provides that "the defendant may show to the court by affidavit that he believes he cannot receive a fair trial, owing to the prejudice of the judge, or to excitement or prejudice against the defendant in the county, or some part thereof, and demand to be tried by disinterested triers." 2 G. & H. 406. And the 77th section of the same act, as amended at the special session of the legislature in 1865, (see acts of that session, p. 158,) enacts that, "When the objection is to the judge, in an action pending in the Court of Common Pleas, the action may be transferred to the Circuit Court of the county and tried therein. When the objection is to the judge of the Circuit Court, any other circuit judge, or judge of the common pleas, may hold the court and try the cause." This provision evidently does not confer on the judge of the Circuit Court the power,

under any circumstances, to appoint a member of the bar, who is not either a circuit or a common pleas judge, to hold a court, or preside at the trial of a cause in which the judge is rendered incompetent. But an act passed in 1855, providing for the trial of causes in the several circuit courts, in cases in which the circuit judge is interested or related to either of the parties, &c., provides that when the circuit judge shall have a pecuniary interest in, be a party to, or be related by kindred or marriage, or may have been of counsel to a party in a cause pending in the Circuit Court of a county of which he may be judge, he may, in his discretion, decline presiding during the trial of such cause, and if either party object to his presiding therein, he shall be deemed incompetent to preside during such trial. When the judge so declines, or is rendered incompetent to preside in a cause, for any of said causes, he is required to appoint a time, either in term time or during vacation, for the trial of such cause, "and give at least ten days notice thereof to some other judge of a court of record, or if the parties litigant shall so desire, to some practicing attorney of said court, mutually agreed upon by said litigants, and said judge or attorney so notified shall, at the time designated by such disqualified judge, attend at the usual place of holding courts in such county and preside in said cause, and dispose of the same," &c. 2 G. & H. pp. 9, 10. This act is general in its provisions, and embraces both criminal and civil actions. It remains in force, except perhaps so far as the appointment of a judge is limited by by the 77th section of the criminal practice act to a circuit or common pleas judge in criminal cases. It authorizes the appointment in such cases of a practicing attorney of the court, mutually agreed upon by the parties litigant, if they shall so desire. But the disqualified judge has no power, of his own will, to appoint an attorney of the court, or authorize him to preside at the trial of a cause pending in said court in which the judge may be disqualified to preside. He may notify and require

the attendance of some other circuit or common pleas judge; but an attorney can only act or. preside as judge, in such case, when desired by the parties litigant, and mutually agreed upon by them. When so agreed upon, the disqualified judge appoints the time of trial and notifies the attorney thereof; but he derives his authority to act, not from the disqualified judge, but from the mutual agreement of the parties litigant, and in such a case the record of the cause should affirmatively show that the attorney did so preside during the trial thereof by the mutual agreement of the parties. Here, nothing of the kind appears by the record. On the contrary, the only reasonable inference we are able to draw from the record is, that when the judge declined to preside during said trial, he, of his own motion, appointed Mr. MALOTT in his stead. There is nothing in the record to justify the inference that either of the parties was even consulted as to the appointment. It seems to have been the act of the judge alone. MALOTT did not hold the court as a judge *de facto,* under any color or claim of right as the judge of the circuit, and having no authority to do so under an appointment by the disqualified judge, his acts were without authority and void. In the cases of *Feaster* v. *Woodfill,* 23 Ind. 493, and *Brown* v. *Buzan,* 24 Ind. 194, the judge of the court had failed to attend, and an attorney was appointed to hold the court in his absence, under another and different provision of the statute. They were not changes of venue, as in this case, and therefore are not in point here.

The judgment is reversed, and the proceedings subsequent to the indictment set aside. Cause remanded for a new trial, &c. The clerk will issue the proper order for the return of the prisoner.

*S. Claypool,* for appellant.

*D. E. Williamson,* Attorney General, for the State.