*S. I. Anthony, F. Church, S. E. Perkins, O. F. Baker,* and *S. E. Perkins, Jr.,* for appellee.

———o———

## WATTS v. THE STATE.

CRIMINAL COURT.—*Appointment of Judge.*—On the trial of an indictment in a criminal circuit court, the judge of that court having been of counsel in the cause, the judge of the court of common pleas presided, his appointment being shown only by the record made *after* he took the bench.

*Held,* that the defendant could not, in the Supreme Court for the first time, raise the question of the power of the judge who presided, no want of power being shown by the record.

INSTRUCTION TO JURY.—An instruction to the jury on the trial of a criminal action, by which the defendant was not injured, cannot be urged by him as error on appeal.

APPEAL from the Vanderburgh Criminal Court.

GREGORY, C. J.—The appellant was indicted in the court below, for murder in the first degree. He pleaded "not guilty." A jury trial resulted in a verdict of guilty of murder in the second degree. The court overruled a motion for a new trial, and sentenced the defendant to imprisonment for life.

The first question made in this court is, that the judge before whom the case was tried had no jurisdiction. Hon. Andrew L. Robinson was the regular judge. He had been of counsel in the cause. Hon. Morris S. Johnson, judge of the court of common pleas, presided at the trial. The record made *after* Judge Johnson took the bench shows that he was called to try the case by Judge Robinson. It is urged that the record ought to show the appointment of Judge Johnson *before* he assumed to act. There was no objection raised to the judge at the trial. The question is attempted to be raised here for the first time.

It was in the power of Judge Robinson, under the circumstances stated above, to appoint a judge of any court of record to try the cause. 2 G. & H. 9, section 2.

The record does not disclose the want of authority in Judge Johnson. If it is admitted that it was not competent for him to make a record showing his authority, then it would follow that the record is silent on the subject.

In *Feaster* v. *Woodfill*, 23 Ind. 493, it is said, "The statute provides what shall be deemed parts of the record, and what the clerk shall certify in cases appealed to this court. 2 G. & H. 273, sec. 559. The special appointment of a judge is not required to be certified, and in the absence of all objection, this court will presume that the appointment was properly and regulary made." *Barnes* v. *The State*, 28 Ind. 82, does not overrule *Feaster* v. *Woodfill, supra,* although it is difficult to give a legal reason for the apparent conflict in the principle ruled.

It is trifling with the administration of justice, to say that in cases of changes of venue from one judge to another in

the same court, the record must show the appointment of the judge before whom the case is set down for trial, and that in cases of the absence of the judge and an appointment under the law of some other judge, the record may be silent. The only principle that these cases of either class can stand on is that ruled in *Feaster* v. *Woodfill, supra.*

In *Barnes* v; *The State, supra,* the record did show the appointment, by which it appeared that the attorney selected by the judge to try the case was not clothed with the power of judge; the mutual agreement of the litigants was wanting. If the record did so show, by a bill of exceptions, in the overruling of an objection made by the defendant, then the ruling is clearly right.

A majority of the judges hold that it is too late to raise the objection to the power of Judge Johnson in this court for the first time, no want of power being shown by the record.

One of the causes assigned in support of the motion for a new trial was the misdirection of the court in its charge to the jury. The court charged, that "murder in the first degree and murder in the second degree differ only in this, that if the unlawful intention to kill did not exist in the mind before the fatal act was committed, then, although the killing appears to have been done purposely, and the evidence does not rebut or obviate the legal presumption of malice, yet unless it appears from the evidence that the unlawful intention to kill did exist in the mind of the defendant before he committed the fatal act, you would only in that case, find the defendant guilty of murder in the second degree."

This was a very lame attempt to draw the distinction between murder in the first degree and murder in the second degree. The record does not show what other instructions were given, nor that this was the only instruction. In the absence of such showing it is fair to presume that the jury were properly instructed as to the difference between mur-

der and manslaughter. The instruction did not harm the appellant, for the reason that the jury only found him guilty of murder in the second degree.

Three other grounds for the new trial are insisted upon; first, newly discovered evidence; second, surprise; third, that the evidence does not support the verdict. The bill of exceptions fails to set out any affidavit in support of the motion for a new trial. The affidavit of one Sarah Boyd and the examination before the coroner's jury are appended to the transcript of the record as exhibits; but they are not even certified by the clerk of the court below. The record fails to show any newly discovered evidence or surprise.

We have examined the evidence given on the trial, and while we feel that it is not strong, yet under the rule on this subject, it does not justify us in interfering with the finding of the jury.

Judgment affirmed, with costs.

*W. P. Hargrave* and *C. Denby*, for appellant.

*D. E. Williamson*, Attorney General, for the State.