### ROSE *v.* ALLISON ET AL.

PRACTICE.—*Change of Venue.—Judge of Criminal Court.*—Where a change of venue has been taken from the judge in a civil cause, and a judge of a criminal court is called, and a jury is waived, and the cause is submitted to the judge for trial by agreement, no question can afterward be raised as to his jurisdiction to try the cause.

APPEAL from the Vigo Common Pleas.

PETTIT, C. J.—This suit was brought by the appellees against the appellant on a promissory note. After issues formed, an affidavit was filed for a change of venue on account of the prejudice of the judge, who thereupon called the judge of the criminal court of that county to preside and try the case.

After the judge thus called had taken his seat on the bench and called the case for trial, the transcript clearly shows that the parties waived a jury, and consented to try the case before and by the judge thus called and on the bench.

The only question in the case is, had the judge, under this state of facts, jurisdiction to try and render judgment in the case? Without deciding whether the judge would have jurisdiction of the case if objection had been made to him, we hold that there was a complete waiver of all objections to his right to try the cause. The case of *Barnes* v. *The State*, 28 Ind. 82, is not in point, because in that case the record did not show that there was a consent to try before the called judge, while in this case the record clearly shows such consent.

We have examined the evidence in the case, and it clearly and undoubtedly required the judgment that was rendered, and we cannot think that this case was brought here for any meritorious purpose, or to correct any wrong committed against the appellant, but for delay only.

The judgment is affirmed, at the costs of the appellant, with five per cent. damages.

*M. M. Joab* and *T. W. Harper*, for appellant.

*J. H. Blake*, *W. C. Ball*, *J. P. Baird*, and *C. Cruft*, for appellees.