## KENNEDY v. THE STATE.

JURISDICTION.—*Judge.*—*Change of Venue.*—*Attorney Appointed to Act as Judge.*—The act of March 9th, 1875 (2 Rev. Stat. 1876, p. 120), should be construed in connection with section 4 of the act of March 1st, 1855 (2 Rev. Stat. 1876, p. 11); and where, a change of venue having been granted in a criminal action in a criminal court because of an objection to the judge, an attorney is appointed to try the cause under the first proviso of said act of 1875, upon the agreement of the parties entered of record, such appointment should be in writing, and should be entered on the order book, and the appointee should take an oath to support the constitution of the United States and the constitution of this State, and to faithfully discharge the duties of such office; and where objection has been made in such court to the authority of such appointee to act as judge in such cause, the record on appeal to the Supreme Court must show that these requirements have been complied with; otherwise, the judgment will be held void for want of authority in the judge.

From the Clarke Criminal Circuit Court.

*C. H. Test* and *J. Coburn*, for appellant.

*C. A. Buskirk*, Attorney General, for the State.

BUSKIRK, J.—The appellant was convicted in the court below of murder in the second degree, and, over motions for a new trial and in arrest, judgment was rendered on the verdict.

The first question presented by the assignment of errors and discussed by counsel requires us to decide whether the court below, as constituted at the time of the trial, possessed jurisdiction and power to try and determine the cause.

A change of venue was granted by the regular judge on account of his alleged bias and prejudice. The judge, then, in compliance with the provisions of the act of March 9th, 1875, made a list of three attorneys, residing in Floyd county. The names of two of them were struck off by the parties, and thereupon the remaining one was appointed to try said cause, and the cause was set down for trial on a day named. At the time so set, such appointee failed to attend and preside at the trial of such cause. The record then proceeds as follows:

"And now, by consent of parties, it is agreed that D. C. Anthony, Esq., a practicing attorney, residing in Floyd county, in the State of Indiana, be and he is hereby selected and agreed upon to try this cause, and by consent of parties this cause is to be set down for trial before D. C. Anthony, on Monday, the 9th day of August, 1875. It is therefore ordered and adjudged by the court that this cause be and is hereby set down for trial before D. C. Anthony, Esq., a practicing attorney of Floyd county, Indiana, on Monday, the 9th day of August, 1875."

At the time and place named in the above order, the Hon. D. C. Anthony appeared and assumed jurisdiction of the cause; and thereupon, the appellant denied the jurisdiction of the court, and objected to being tried, on account of the irregularity and illegality of the appointment of the said judge; but the objection was overruled, and the appellant excepted.

Two objections are urged against the regularity and legality of such appointment:

1. That it does not appear from the record that the regular judge of said court appointed the said D. C. Anthony in writing, and under his hand and seal; and,

2. That it does not appear from the record that the said D. C. Anthony took an oath to support the constitution of the United States and the constitution of this State and to faithfully discharge the duties of such office.

The first proviso to the act of March 9th, 1875, is as follows:

"*Provided,* That if the parties to such cause shall agree upon an attorney to try such cause, such attorney shall be appointed by the judge of said court to try such cause, but on failure of such parties to agree upon an attorney to try such cause, the judge of such court shall call some other judge, or appoint a regular practicing attorney of good standing of any county, other than the one in which said cause is pending."

It is settled that, without the consent of the parties, the judge possessed no power, under the above proviso, to appoint an attorney to try this cause. *Barnes* v. *The State,* 28 Ind. 82.

The above agreement of the parties entered of record empowered the court to appoint the said D. C. Anthony to try the cause. The question arises whether the court did make an appointment of such person, and the solution of that question depends upon whether such appointment should have been made in writing under the hand and seal of the judge. The act of 1875 requires the judge to make an appointment, but it does not provide how such appointment shall be made.

There being nothing in the act of 1875 prescribing the manner in which the appointment shall be made, it becomes our duty to examine other acts relating to the same subject, and to construe such acts *in pari materia.* Buskirk Practice, 353, 358, 365.

The 4th section of the act of March 1st, 1855, provides:

"If, from any cause, any judge of a circuit court shall be unable to attend and preside at any term of said court, or during any day or part of such term, such judge, or in his absence, or when he shall be unable to make such appointment, the clerk, auditor and sheriff of the proper county, or a majority of them, may appoint, *in writing,* any other judge of a court of record of this State, or any attorney thereof eligible to the office of such a judge, to preside at such

term, or during any day or part of such term. Such written appointment shall be entered on the order book of such court, and such appointee shall, after being sworn, if he be not a judge of a court of record, conduct the business of such court, subject to the same rules and regulations that govern circuit courts in other cases, and shall have the same authority, during the continuance of his appointment, as the judge elect, or making such appointment." 2 G. & H. 9.

By the above section, the appointment must be in writing. The appointment must be entered on the order book of the court. The appointee, if an attorney, must be sworn, which oath should be entered on the appointment. Such has been the uniform practice. The appointee has the same authority as the judge elect, or the one making the appointment. For the time being, he is the judge of the court and invested with the same power and authority as a regular judge.

Where a cause is tried, in whole or in part, before any other than the regular judge, the record, whenever objection is made in the court below to the authority of such person, must show legal authority in such person to act as such judge; but where no objection is made in the court below, all objections to his authority will be deemed in this court to have been waived. *Miller* v. *Burger*, 2 Ind. 337; *Negley* v. *Wilson*, 14 Ind. 215; *Seymour* v. *The State*, 15 Ind. 288; *Redwine* v. *The State*, 15 Ind. 293; *The Board, etc.*, v. *Coates*, 17 Ind. 150; *Cooper* v. *Lingo*, 15 Ind. 67; *Danneburg* v. *The State*, 20 Ind. 181; *Feaster* v. *Woodfill*, 23 Ind. 493; *Barnes* v. *The State*, 28 Ind. 82; *Kambieskey* v. *The State*, 26 Ind. 225; *Watts* v. *The State*, 33 Ind. 237; *Hyatt* v. *Hyatt*, 33 Ind. 309; *Winterrowd* v. *Messick*, 37 Ind. 122.

It is provided by section 4 of article 15 of the constitution of this State, 1 G. & H. 54, that "every person elected or appointed to any office under this constitution, shall, before entering on the duties thereof, take an oath or

affirmation, to support the constitution of this State and of the United, States, and also an oath of office."

It is provided by section 1 of the act of June 9th, 1852, 1 G. & H. 163, " that every officer and every deputy, before entering on his official duties, shall take an oath to support the constitution of the United States, and of this State, and that he will faithfully discharge the duties of such office."

It may be that the foregoing sections of the constitution and the statute do not apply to and govern in the appointment of an attorney to act as a judge and try a cause, but they afford very conclusive evidence that the framers of our constitution and the law-making power regard an oath to support the federal and state constitutions and an oath of office essential to the due administration of justice and the proper discharge of official duties. It would be monstrous to hold that an attorney, where the objection is made, may sit in judgment upon the life, liberty, character and property of a citizen without having taken the oath prescribed by the constitution and the statute. The 4th section of the act of 1855 expressly requires the appointment to be in writing, that it shall be entered on the order book, and that the appointee, if an attorney, shall be sworn. That act is in force, there being no repealing clause to the act of 1875, and there being no repugnancy between the two acts; and the latter should be construed in connection with the former. The legislature, in an enactment of a law, are presumed to have knowledge of prior and existing laws, and to legislate in reference thereto.

We therefore hold that the appointment of D. C. Anthony should have been in writing, that it should have been entered upon the order book, that he should have taken an oath as above prescribed, and that, his authority to act as judge having been denied in the court below, these facts should appear in the transcript; and these things not appearing, we hold that he possessed no power or authority to act as judge in the trial of this cause; and hence, the

judgment is void, for want of authority in the judge presiding.

The judgment is reversed, and the cause is remanded for a new trial; and the clerk will immediately notify the warden of the southern prison of the reversal of the judgment herein.