## HUDSON ET AL. *v.* ALLISON ET AL.

JUDGMENT.—*By Agreement.—Attorney's Authority.—Practice.—Supreme Court. —Defect in Complaint.—Cured by Verdict.*—On the appeal of a cause to the supreme court, where the assignment of error was the insufficiency of the complaint, the record showed that the parties thereto, by their attorneys, appeared in the cause, and, issues of fact having been formed and the evidence heard, "by *consent*, the court" found for the plaintiff and rendered judgment accordingly, without the defendant's having interposed any demurrer, motion in arrest or exception.

*Held*, that such record shows a judgment by agreement, which agreement such attorneys of record had power to make.

*Held*, also, such complaint having been upon an appeal bond, that defective allegations therein as to the fixing of the penalty and approval of such bond, and as to the perfecting of the appeal, to secure which such bond was executed, were cured by such finding and judgment.

From the Vigo Circuit Court.

*J. P. Baird, T. W. Harper, J. M. Allen, W. Mack* and *S. Davis,* for appellants.

*J. T. Scott, J. H. Blake,* —— *Burton* and *E. A. Davis,* for appellees.

PERKINS, J.—Suit by appellees against appellants, on a bond executed by the latter to the former, on the appeal of a cause from the Vigo common pleas court to the supreme court. The appellants, Lucius M. Rose and Robert N. Hudson, the defendants below, were duly summoned to appear in the Vigo circuit court.

Rose appeared and answered,—

1. General denial.

2. In confession and avoidance.

Issue was formed by a reply to the second paragraph of answer. Hudson had not been defaulted, when, on the 18th day of October, 1873, the issue was submitted to the court for trial, the evidence heard and the case taken under advisement. We copy now from the record.

"And again, on the 7th day of January, 1874, the further proceedings were had in said court in said cause.

"Robert A. Allison, Charles H. Smith and Howard S.

Johnson *v.* Robert N. Hudson and Lucius M. Rose. Civil action.

"Come said plaintiffs by Messrs. Blake and Burton, their attorneys, and come said defendants by their attorneys, Messrs. Scott and Day, and by consent the court finds for the plaintiffs and assesses their damages at the sum of thirteen hundred and eighty dollars and forty-three cents. It is therefore considered by the court that said Robert A. Allison, Charles H. Smith and Howard S. Johnson do recover of said Robert N. Hudson and Lucius M. Rose said sum of thirteen hundred and eighty dollars and forty-three cents, and their costs about their suit expended."

No further action was had in the court below.

On the 25th day of June, 1874, a transcript of the record was filed in this court, on appeal, and this assignment of error made thereon, viz.: "That said complaint" [the complaint in the suit below on the bond] "does not state facts sufficient to constitute a cause of action against Robert N. Hudson and Lucius M. Rose, or either of them."

It will be remembered that there was no demurrer to the complaint, and no motion in arrest of judgment. Not a single exception was taken to the action of the court below. It is insisted here that the complaint is fatally defective;—

1. Because it does not show that the surety was approved by the court, but rather by the clerk;

2. Nor that the penalty of the bond was fixed by the court;

3. Nor that the transcript was filed in this court within sixty days;

4. Nor that execution was, in fact, stayed.

We think the attorneys had power to make the agreement on which the judgment was rendered. 2 R. S. 1876, p. 305-306.

We think the judgment in this case was one by agreement in open court, that it operated as a waiver of the alleged defects, if they existed, in the complaint, and that

the complaint is sufficient to support the judgment, and that the judgment will bar another action for the same cause. The parties knew all about the execution of the bond, and its character, and the averments in the complaint, when they voluntarily consented to the judgment rendered.

We think the defects alleged to exist in the bond were such as would be cured by verdict.

We think good faith requires that these parties should abide by their agreement under which the judgment appealed from was rendered, and that nothing is shown rendering it the duty of this court to release them from the obligations of said agreement.

We think the error assigned unavailable, and that the judgment should be affirmed. *Robinson* v. *Starley*, 29 Ind. 298; *Applegate* v. *Edwards*, 45 Ind. 329; *Richardson* v. *Howk*, 45 Ind. 451; *Rose* v. *Allison*, 41 Ind. 276.

The judgment is affirmed, with costs.