No. 7909.·

### FULLEN v. COSS.

INSTRUCTIONS.—*Supreme Court.*—*Harmless Error.*—Where an instruction to the jury assumes a fact in issue to be true, and the evidence (all of which is not in the record) shows that such fact was established in proof, without any countervailing evidence appearing, the error is harmless, and not available in the Supreme Court. WORDEN, C. J., dissents.

From the Montgomery Circuit Court.

*R. B. F. Peirce,* for appellant.

*M. Thompson* and *W. H. Thompson,* for appellee.

BLACK, C.—The appellee sued the appellant for breach· of a contract to marry.

There was an answer of general denial. There was also a second paragraph of answer, which alleged that the appellant was under the age of twenty-one years at the time the contract mentioned in the complaint was alleged to have been made; and a third paragraph alleged that he was under the age of twenty-one years when the contract was alleged to have been made, and that after becoming of age he disaffirmed the contract mentioned in the complaint.

The appellee replied to the second and third paragraphs of the answer by a general denial, and by a paragraph in which she alleged that the appellant, after he attained his majority, and became twenty-one years of age, affirmed the contract mentioned in the complaint, and agreed to ratify the same, and expressly promised and agreed to execute the contract of marriage on his part.

Upon a trial of the issues thus formed, there was a verdict for the appellee, on which judgment was rendered, a motion for a new trial having been overruled.

A number of errors have been assigned, but counsel for appellant,·in his brief, has argued only concerning a certain instruction to the jury, the giving of which was one of the causes stated in the motion for a new trial.

This instruction was as follows:

" Gentlemen of the jury :—The evidence in this cause shows that the contract of marriage between these parties was entered into at a time when the defendant was under the age of twenty-one years, and, to entitle the plaintiff to recover, it must be shown that the defendant, after he arrived at the age of twenty-one years, ratified the contract previously made. This need not be shown to have been done in express terms, but may be inferred from facts and circumstances in the case, and by the conduct of the defendant, as that he continued his visits and attentions in such a way as to indicate to her and to satisfy you that he intended to carry out the contract previously made."

Counsel for appellant says that this instruction assumes to state what the evidence establishes; that it assumes that a marriage contract was entered into by the parties at a given time; that the state of the pleadings placed the burden of proving the existence of the contract to marry upon the appellee; and he claims that the court had no right to tell the jury that the evidence established that necessary fact, which was a matter for the jury alone to determine.

There is a bill of exceptions, in which it is stated that certain evidence contained therein was all the evidence given in the cause; but it appears from the bill itself that this statement is not true. It is said in the bill that certain letters were shown to a witness, the appellee, and identified by her, and that they were read to the jury, but they are not set out in the bill. In a parenthesis it is said that they were never filed in the clerk's office.

The court, in instructing the jury, should not state that the evidence establishes a fact which is in dispute; but when the evidence, without conflict, unquestionably establishes the existence of a fact, it can not, by way of claim that a party has been injured by the instruction, be said to be a disputed fact for the purposes of this rule, though it be a fact in issue in

the pleadings, for, in such case, it can not be said that any injury has been done by the court's assumption.

By the well settled practice of this court, where all the evidence is not in the record, if, in any state of the evidence supposable under the issues, the instruction given could have been correct, the existence of such a state of the evidence will be presumed. *Miller* v. *Voss,* 40 Ind. 307; *Keating* v. *State, ex rel.,* 44 Ind. 449; *Byram* v. *Galbraith,* 75 Ind. 134; *Ohio, etc,, R. W. Co.* v. *Nickless,* 73 Ind. 382.

All the evidence in the record sustains the statement of the court in question, and we must presume that the remainder of the evidence was to the same effect.

The mode of instruction here adopted is unsafe, and not to be commended in general, yet, as the court assumed a fact which could not properly be called a disputed one, the appellant was not injured. *Bowen* v. *Pollard,* 71 Ind. 177.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be affirmed, at appellant's costs.

WORDEN, C. J.—I do not concur in the affirmance upon the ground stated in the foregoing opinion.