No. 9458.

## ZONKER *v.* COWAN.

COURTS.—*Judge.—Statute Construed.—Repeal.*—The act of 1877 (Acts 1877, Reg. Sess., p. 28) did not repeal sec. 4 of the act of 1855, 2 R. S. 1876, p. 10, authorizing the circuit judge to appoint a judge *pro tem.* to hold the court when the regular judge, having appeared and presided at a term, becomes unable to continue.

INSTRUCTIONS.—*Evidence.*—Where a paper has been read in evidence, there is no error in telling the jury that it is in evidence.

SAME.—*Instruction.—Preponderance of Evidence.—Promissory Note.*—There is no error, in a suit on a promissory note, the execution of which is not questioned, and which has been put in evidence, in instructing the jury that the plaintiff should recover, unless the defendant has established a defence by a *fair* preponderance of evidence.

WITNESS.—*Impeachment.—Admission.*—A witness can not be impeached by showing a contradictory statement by him concerning a fact not relevant to the issue; nor if the witness be the adverse party is such statement admissible as an admission.

From the DeKalb Circuit Court.

*L. J. Blair, D. D. Moody* and *P. V. Hoffman,* for appellant.
*A. A. Chapin* and *R. P. Barr,* for appellee.

BLACK, C.—The appellee sued the appellant upon a promissory note and upon an account for money lent by the appellee to the appellant.

Issues were formed, the trial of which resulted in a verdict

for the appellee. A motion for a new trial made by the appellant was overruled, and judgment was rendered on the verdict.

The record shows some proceedings in the cause on the 1st of March, 1881, the second day of the term next after the filing of the complaint, before Hon. Hiram S. Tousley, the regular judge; and there is next set out in the transcript what purport to be proceedings affecting said cause, had before said judge on the third day of said term. There is a paper dated March 2d, 1881, and signed by said judge, in which he stated that, being severely sick and unable to further continue and hold said court on account of said sickness, he thereby appointed Hon. James H. Carpenter, an attorney at law of said county of DeKalb and a member of the bar of the State of Indiana, to preside in and continue to hold said court the remainder of said term, and to discharge all the duties of a judge of said court, or until said regular judge should be able to appear and discharge the duties in person.

It is stated in the record that said Carpenter appeared in open court and accepted said appointment, and took an oath of office, which is set out.

The same day, before said Carpenter as judge, the appellant filed his answer, and all the subsequent proceedings in the cause were had before him, without any objection made by either party.

It is sought by the assignment of errors to raise in this court the question of the right of Mr. Carpenter to so preside as judge.

The appellant contends that the act of March 7th, 1877 (Acts 1877, Reg. Sess., p. 28-30), makes provision for the appointment of a special judge in every possible contingency, and that it was intended by that act to take away the power of the judge to appoint except as provided in that act.

It is claimed by the appellee that the appointment was authorized by section 4 of the act of March 1st, 1855 (2 R. S. 1876, p. 11).

Appellant insists that section 3 of the act of 1877 meets every contingency of section 4 of the act of 1855, and that said section 4 is repealed by the later act.    .

Appellee claims that if the appointment was not authorized appellant can take no advantage of this fact, because he appeared and made no objection, and it is said that thereby he waived all objection to the special judge.

The act of 1877 does not repeal any statute by particular designation thereof, but expressly repeals all laws and parts of laws inconsistent with said act in force at the time of its enactment.

Our State Constitution (in article 7) provides, that the circuit courts shall each consist of one judge; that the State shall from time to time be divided into judicial circuits, and a judge for each circuit shall be elected by the voters thereof; and that, " in case of temporary inability of any judge, from sickness or other cause, to hold the courts in his circuit, provision may be made by law for holding such courts."

Judicial power can not be delegated by a judge or granted by the consent of parties; it can only be conferred by the supreme power in the State.

This court knows judicially who are the regular judges of the circuit courts of the State. Where a cause in a circuit court is tried before one not the regular judge of that court, if the record on appeal to this court is silent as to the appointment of such other person, and if by the statutes in force at the time he might in the particular case have been legally appointed, the presumption which this court indulges in favor of the action of the lower court will sustain the authority of the special judge.

If, however, the appointment of the special judge be shown by the record, and it appear upon the face of the record here that he had no authority, or whether his appointment be shown by the record or not, if by existing statutes he could not, in the particular case, have been legally appointed, then, though the question were not presented in the lower court, it may be

raised in this court, it being a question affecting the jurisdiction of the court over the subject of the action. *Van Slyke* v. *Trempealeau, etc., Ins. Co.*, 39 Wis. 390 (20 Am. R. 50) ; *Perkins* v. *Perkins*, 7 Conn. 558 (18 Am. Dec. 120) ; *Bent's Ex'r* v. *Graves*, 3 McCord, 280 (15 Am. Dec. 632) ; *Andrews* v. *Wheaton*, 23 Conn. 112 ; *Case* v. *State*, 5 Ind. 1 ; *Starry* v. *Winning*, 7 Ind. 311 ; *Jones* v. *State*, 11 Ind. 357 ; *Cooper* v. *Lingo*, 17 Ind. 67 ; *Feaster* v. *Woodfill*, 23 Ind. 493 ; *Brown* v. *Buzan*, 24 Ind. 194 ; *Barnes* v. *State*, 28 Ind. 82 ; *Watts* v. *State*, 33 Ind. 237 ; *Winterrowd* v. *Messick*, 37 Ind. 122.

We need not discuss the question as to how the record on appeal may be made to show the appointment of a special judge, for as we regard the appointment of Mr. Carpenter as authorized by said statute of 1855, if the record do not properly show the appointment and should therefore be regarded as silent on the subject, the authority of the special judge is not properly questioned and must be sustained.

The repeal of statutes by implication is not favored. So far as the new statute was intended to establish an exclusive rule it repealed the former law; but the prior law will be upheld, except so far as the later statute is irreconcilably repugnant thereto. *Bowen* v. *Lease*, 5 Hill, 221 ; *Street* v. *Commonwealth*, 6 Watts & S. 209 ; *Van Rensselaer* v. *Snyder*, 9 Barb. 302.

Where in an act there is an express repeal of all acts and parts of acts inconsistent with its provisions, it leaves in force all such portions of a previous act as are not in conflict with such provisions. The repeal in such case extends only so far as the inconsistency extends. *People* v. *Durick*, 20 Cal. 94 ; *State* v. *Pollard*, 6 R. I. 290.

Said act of 1877 does not cover all the contingencies covered by section 4 of said act of 1855.

Said section 4 provides that if, from any cause, a judge of a circuit court shall be unable to attend and preside at any term, or during any day or part of a term, he may appoint in writing any other judge of a court of record of this State, or

any attorney thereof eligible to the office of such a judge, to preside at such term or during any day or part of said term.

It also provides that if, from any cause, a judge of a circuit court shall be unable to attend and preside at any term or during any day or part of such term, then, *in the absence of the judge, or when he shall be unable to make such appointment,* the clerk, auditor and sheriff may appoint in writing any other *judge* of a court of record of this State, or any *attorney* thereof eligible to the office of such a judge, to preside at such term or during any day or part of said term.

Section 3 of said act of 1877, claimed by counsel to establish an exclusive rule for all the contingencies provided for by said section 4, provides that if, by reason of death, sickness or other casualty during any session of court, or immediately preceding any term of court, any judge shall be prevented from presiding, so that the court will lapse; *and* if, at any term of court the judge shall fail to attend on or before the third day of the term, or during the term shall fail to appear for any period of three days, the sheriff may adjourn the court from day to day; and on the failure so to appear on the third day. the clerk, sheriff and auditor may elect any competent and reputable attorney to act as judge, and he may preside until the return of the regular judge; or, in case of death, until his successor be named; and in any case of vacancy during term, or if the judge is required to be absent during term, such appointment may be made until a successor shall be named by the proper authority.

Said section 4 provides for the appointment of another judge or an attorney, whether the appointment were made by the judge or by the county officers. Section 3 of the later act does not provide for the appointment by the county officers of another judge, but only of an attorney. It contemplates cases where the court would lapse by the judge's being prevented from presiding by death, sickness or other casualty, and where he fails to attend on or before the third day of the term, or during the term fails to appear for any period of

three days; and before the appointment can be made by said officers, the sheriff is to adjourn the court from day to day for three days, whether the occasion be at the beginning of the term or during the term.

Said section 3 does not necessarily deprive the judge of the power to make appointments conferred by said section 4.

Confining our decision to the circumstances of the case before us, we think that where the judge appears and presides at the commencement of the term, and during the term becomes unable to attend and preside, his authority to make an appointment in writing, conferred by said section 4, is not inconsistent with the provisions of said act of 1877, or with the intent of the Legislature, expressed in the title and in the emergency clause of said later act, which seems to have been to enlarge the provisions for the appointment of special judges, rather than to abridge the existing facilities in that regard.

It may not be improper to say that the wisdom of a provision permitting such an appointment as was made in this case is so apparent that it ought not to be unnecessarily inferred that the Legislature intended, where such an appointment can be made by the regular judge, to substitute in all cases the more inconvenient mode provided by said section 3.

The construction which we are thus able to give to these statutes averts grave consequences which would follow upon a contrary decision to litigants, not only at the term at which Mr. Carpenter so presided, but also to many other litigants in other courts.

Among the charges given to the jury, the court having instructed that there was no issue in the pleadings as to whether appellant executed the note sued on, which was true, its execution not being denied under oath, instructed further, at the request of the appellee, as follows:

" 2. It not then being an issuable question under the pleadings as to whether the defendant made the note or not, the plaintiff, having read in evidence the note described in his complaint, is entitled to recover the amount due upon it unless

Zonker *v.* Cowan.

·the defendant has established, by a fair preponderance of the ·evidence, some one of the defences set up in his answer," etc.

The appellant questions the correctness of this instruction, first, because in it the court told the jury that the plaintiff had read the note in evidence. It is claimed that this was assuming that a fact had been proved, and that the court had no right to do this.

The evidence is all in the record, and it appears that the note described in the complaint was, without objection, read in evidence. What the court said in regard to the introduction of the note in evidence was true and uncontradicted, and the appellant could not be injured thereby. *Bowen* v. *Pollard,* 71 Ind. 177 ; *Fullen* v. *Coss,* 82 Ind. 548.

The instruction is supposed by counsel to be objectionable ·also because of the use of the word " fair " before the word " preponderance." It is claimed that the use of the word ·" fair " implied that something more than a preponderance of ·evidence was necessary.

In other instructions the court used the phrase " preponderance of the evidence," without prefixing any qualifying word. The subject-matter of the instruction in question had been presented in the instructions given by the court of its own motion, and there would have been no error in refusing to give it ; but we think that no inadmissible shade of meaning was added by the use of the word "fair," that the jury was not misled by the instruction, and that the appellant was not injured.

The only other matter discussed by counsel is the refusal ·of the court to permit certain questions to witnesses to be answered.

The principal question in the case, as shown by the pleadings and the evidence, was whether or not a certain note for .$240, made by the appellant to the appellee, was a part of the consideration of the note in suit.

The appellant claimed that the note for $240, though bear-

ing a date subsequent to that of the note in suit, was, in fact,. executed before this note, and was to be taken up when the note in suit was made, but that the appellee retained it and afterward presented it for payment to the appellant, who,. through mistake, paid it; and the appellant sought in this action to reduce to that extent the amount of recovery upon the note in suit.

The appellee, in his testimony, stated that both notes were executed at the times indicated by them; that the note for $240 was given for a sum lent by the appellee to the appellant at the time it was made, being a sum additional to that for which the note in suit was given, and was not a part of the consideration of the note in suit. He also testified, in answer to questions asked by counsel for appellant, that he obtained the $240 for which the note for that amount was given, by collecting notes that he had bought at " Smith's sale," and that that money did not go into the note in suit. Counsel for appellant asked appellee, upon cross-examination,. this question: " Did you not state, at the house of Leonard Hartman, in presence of himself and his son Levi, three weeks ago last Sunday morning, that the money received from the proceeds of the Smith-sale notes went into the big note, or the note in suit?"

The appellee answered in the negative. The appellant then produced Leonard Hartman and Levi Hartman as witnesses, and proposed to prove by each of them the making of such a statement by the appellee as he had thus denied, at the time and place and in the presence mentioned in said question to the appellee. The court sustained objections to questions asked for such purpose.

The source from which the lender obtained the money loaned could not in itself affect the borrower's liability on his note. It could only have been upon the theory that the proceeds of the Smith-sale notes went into the smaller note and through it into the note in suit, that the rejected evidence could be regarded as material to the defence; but if the note for $240

was executed after the note in suit, the rejected evidence could not be material to the question in issue.

It was proved, without dispute, that the smaller note was given nearly a month later than the date borne by the note in suit; also, that the larger note was written and signed when it was delivered to the appellee. It was not pretended by either party that the note sued on was antedated; nor was it claimed on behalf of the appellant that it was postdated more than one day.

There was no issue under which the alteration of the note could be found. Thus, it could not be found otherwise than that the note in suit was executed nearly a month before the execution of the smaller note; and hence it could not be found that the latter note went into the former as a part of its consideration. Therefore, the statement, proof of which was proposed, did not concern a fact relevant to the issue, and there was no error in excluding it.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment be and it is hereby affirmed, at appellant's costs.