Myers v. The State.

Filed Jan. 3, 1884.

---

No. 11,189.

MYERS v. THE STATE.

CRIMINAL LAW.—*Statute Construed.—Felony or Misdemeanor.—Indictment or Information.*—Where the indictment or information charges that the defendant on, etc., at, etc., unlawfully and feloniously, in the day-time, entered the office of, etc., there situate, and then and there unlawfully and feloniously attempted to commit a felony, to wit, etc., the offence

Myers *v.* The State.

charged is the felony defined in section 1930, and not the misdemeanor defined in section 1931, R. S. 1881.

SAME.—*Motion to Quash.—Practice. —Error.*—Where an indictment or information states facts sufficient to constitute a public offence, there is no substantial error in overruling a motion to quash the same upon the ground that it states other facts which may be improper or insufficient.

SAME.—*Discretion of Trial Court.—Supreme Court.*—Whether or not the State should be required to elect on which one of two or more counts it will put the defendant on trial, is a question for the decision of the trial court in its discretion, and its decision will not be reviewed by the Supreme Court.

SAME.—*Improper Joinder of Counts.—No Ground for Reversal.—Practice.*— Where two or more counts are joined improperly, or without authority of law, in an indictment or information, if it appears that the conviction was had and the punishment assessed on one count only, the misjoinder of the counts will afford no ground for the reversal of the judgment.

SAME.—*Transcript of Former Conviction.—Competency of Evidence.—Collateral Attack.*—Where the transcript of the former conviction of the defendant of petit larceny is offered in evidence, the judgment of conviction can not be attacked collaterally, nor can its competency as evidence be questioned upon the ground that it does not contain a copy of the appointment of the special judge before whom such judgment was rendered, or the reasons for such appointment, nor upon the ground that the transcript failed to show that the judgment was signed by the judge of the court.

SAME.—*Motion for New Trial.—Newly-Discovered Evidence.—Affidavit and Counter Affidavit.—Supreme Court.*—When newly-discovered evidence is assigned as cause for a new trial and is relied upon for the reversal of the judgment, the record must contain the affidavits and counter affidavits in relation thereto, in order to present the question for the decision of the Supreme Court.

From the Criminal Court of Allen County.

*H. Colerick* and *W. S. Oppenheim,* for appellant.

*F. T. Hord,* Attorney General, and *C. M. Dawson,* Prosecuting Attorney, for the State.

HOWK, J.—In this case the indictment against the appellant contained two counts. In the first count he was charged with having unlawfully and feloniously entered an office in the day-time, and with having then and there unlawfully and feloniously attempted to commit the felony of

petit larceny. The second count of the indictment charged him with the offence of petit larceny. Upon his plea of not guilty, the appellant was tried by a jury, and a verdict was returned finding him guilty as charged in the second count of the indictment, and assessing his punishment at imprisonment in the State's prison for the term of two years, and a fine in the sum of $1, and disfranchisement and incapacity of holding any office of trust or profit for two years. Over his motion for a new trial, the court rendered judgment against him in accordance with the verdict.

The first error complained of in argument by the appellant's counsel is the overruling of the motion to quash the first count of the indictment. This count charges " that on the 6th day of April, A. D. 1883, at the county of Allen and the State of Indiana, Mark J. Myers did then and there, unlawfully and feloniously, in the day-time enter the office of William D. Page there situate, and did then and there, in said office aforesaid, unlawfully and feloniously attempt to commit a felony, to wit, to feloniously steal, take and carry away nine quires of white printing paper, of the value of $1 each quire, and of the aggregate value of $9, of the personal goods of the said William D. Page, then and therein found and situate in said office of said William D. Page."

The charging part of this count of the indictment, it is conceded, is copied substantially from the affidavit and information in *Burrows* v. *State*, 84 Ind. 529. In the case cited the court said: " The offence charged, or intended to be charged, is a new one in this State, having been defined and its punishment prescribed for the first time in the act of April 14th, 1881, 'concerning public offences and their punishment.' " It was there held that the offence charged was defined and its punishment prescribed in section 29 of the act mentioned, being section 1930, R. S. 1881. Appellant's counsel claim that this court erred in thus holding, and that the court ought to have decided that the offence was defined and its punishment prescribed in section 30 of the same act, being section 1931,

R. S. 1881. In section 1930 it is provided as follows: " Whoever, in the day-time or night-time, enters any * * * office, * * * * and attempts to commit a felony, shall be imprisoned in the State prison not more than fourteen years nor less than two years, and disfranchised and rendered incapable of holding any office of trust or profit for any determinate period." Section 1931 provides as follows: "Whoever, in the day-time, breaks and enters into any * * * * office, * * * * * with intent to commit the crime of larceny, shall be imprisoned in the county jail not more than six months nor less than ten days, and fined not exceeding $200."

It will be seen that the offence defined in section 1930 is a felony, while the one defined in section 1931 is merely a misdemeanor. Why there should be this difference between the two offences is a question for the Legislature, and not for the courts. We are of the opinion, however, that the appellant is not charged in the first count of the indictment with the commission of the offence defined in section 1931, but that he is clearly charged therein with the offence defined in section 1930. We adhere, therefore, to our decision of this question in *Burrows* v. *State, supra,* and hold that the court did not err in refusing to quash the first count of the indictment.

The next error complained of is the overruling of the motion to quash the second count of the indictment. It is conceded by appellant's counsel that this count contains a sufficient charge of petit larceny; but the count further charges that the appellant had been previously indicted, tried and convicted upon a charge of petit larceny in the Wells Circuit Court, in this State, setting out a complete record of such former conviction, with a proper averment as to the appellant's identity with the defendant in such former conviction. It is claimed by counsel that this further charge vitiated the entire second count. This claim can not be sustained. Even if the charge of the former conviction were wholly improper or insufficient, it would have been error to have sustained ap-

pellant's motion to quash the entire second count, containing, as it did, a sufficient charge of petit larceny. Upon this point, in *Good* v. *State*, 61 Ind. 69, this court said: "It does not follow, that, because the indictment contained an improper charge against the appellant, therefore his motion to quash the entire indictment should have been sustained. The indictment contained a valid, legal and sufficient charge of grand larceny against the appellant, and, therefore, his motion to quash the entire indictment was properly overruled. If, however, he had moved the court to quash only so much of the indictment as charged his former trial and conviction of petit larceny, we have no doubt the court would have sustained his motion, and the decision would have been right and proper. As, however, the appellant's motion, as made, went to the entire indictment, and as it contained, beyond doubt, a valid and sufficient charge of grand larceny, it is clear, we think, that no error was committed by the court in overruling said motion."

In the case at bar the court did not err in overruling appellant's motion to quash the second count of the indictment.

There was no available error in the overruling of appellant's motion to require the prosecuting attorney to elect on which count of the indictment the State would proceed and rely. On their face, it is manifest that the two counts of the indictment were predicated on the same transaction. It is settled by the decisions of this court that the subject of this motion is a matter wholly within the discretion of the trial court, and that the decisions of that court, on such a motion, will not be reviewed by this court. *Snyder* v. *State*, 59 Ind. 105; *Lamphier* v. *State*, 70 Ind. 317; *Beaty* v. *State*, 82 Ind. 228.

Appellant's counsel earnestly insist that the two counts are improperly united in one indictment. It is true that the statute does not, in terms, provide for the joinder of such counts in an indictment or information. Section 1748, R. S. 1881. But it is equally true that such a joinder is not prohibited by any provision of the criminal code. In this case the record

shows that the appellant was convicted upon the second count only of the indictment, and that his punishment was assessed on that count. In such a case, if it were conceded that the two counts were erroneously united in the indictment, the error would not be available for the reversal of the judgment. *Griffith* v. *State*, 36 Ind. 406 ; *Bell* v. *State*, 42 Ind. 335.

The next error complained of is the sustaining of the State's demurrer to the appellant's plea in bar of the first count of the indictment. It will suffice to say of this error that even if the ruling were erroneous it did the appellant no harm ; for he was convicted solely upon the second count of the indictment. This court will not reverse a judgment for a harmless error.

The last error of which the appellant's counsel complain, is the overruling of the motion for a new trial. Under this error, the appellant first complains that the court erred in permitting evidence to be introduced concerning the larceny of paper not situate in the office of William D. Page, after the prosecutor had introduced evidence concerning appellant's entering of such office. This evidence was clearly competent, under the second count of the indictment, and there was no error in its admission ; so, also, there was no error in the admission of evidence, under the second count, tending to prove that the appellant had stolen the paper from the press-room instead of from the office.

Counsel next complain in argument of alleged misconduct of the prosecuting attorney in asking a witness for the State if he had been a witness on the former trial of this cause. This question did not violate the provisions of section 1841, R. S. 1881, and was not erroneous.

The appellant next complains of the admission in evidence of the transcript of the judgment of the Wells Circuit Court, showing the former conviction of appellant of the crime of petit larceny. A number of objections are urged to the competency of the transcript as evidence, which will be briefly noticed. There is no such variance between the averments of the second count of the indictment in relation to appel-

lant's former conviction, and the transcript of the judgment showing such conviction, as would render the transcript incompetent or inadmissible evidence. The transcript recites, *inter alia,* as follows : " Comes Hon. Samuel M. Hench, of the criminal court of Allen county, Indiana, and presents his appointment as judge *pro tem.* of the Wells Circuit Court, which is in these words (H. I.)." It was not necessary to the competency of the transcript as evidence that it should have contained a copy of Judge Hench's appointment as such judge *pro tem.,* or that it should have set forth the reasons for such appointment. *Watts* v. *State,* 33 Ind. 237 ; *Winterrowd* v. *Messick,* 37 Ind. 122 ; *State, ex rel.,* v. *Murdock,* 86 Ind. 124. The transcript shows that Judge Hench's jurisdiction, as judge of the Wells Circuit Court, was not denied or questioned by the appellant, and that his case was tried before Judge Hench as such judge, by agreement of parties. We are of opinion, therefore, that the authority of Judge Hench, as judge of the Wells Circuit Court, can not be questioned collaterally by the appellant; and that in such case the presumption will be conclusive, the contrary not appearing, that the reasons for his appointment as such judge were good and sufficient. *State, ex rel.,* v. *Murdock, supra.*

The admission of the transcript in evidence was also objected to, on the ground that it did not show that the judgment of former conviction had been signed by the judge of the court. This objection to the transcript as evidence is not well taken, and must be overruled. *Scott* v. *Millard,* 10 Ind. 158 ; *Adams* v. *Lee,* 82 Ind. 587 ; *Anderson* v. *Ackerman,* 88 Ind. 481.

The transcript was clearly admissible in evidence, under the second count of the indictment, and it was none the less admissible, because of the fact that it was, perhaps, immaterial and irrelevant under the first count of the indictment.

The last reason assigned for a new trial in appellant's motion therefor, was alleged newly-discovered evidence. This reason was sustained by affidavits, and the record shows that

a counter affidavit was filed on behalf of the State. But this counter affidavit is not set out in the record before us, and for this reason we can not consider or decide the question presented and discussed by counsel under this last cause for a new trial. We may say, however, that if the newly discovered evidence were in the record, we would hold it to be incompetent, because, as shown by the affidavits, the only purpose of such evidence was to make a further collateral attack upon the transcript of the judgment of former conviction of the Wells Circuit Court.

Appellant's motion for a new trial was correctly overruled. The judgment is affirmed, with costs.

Filed Nov. 23, 1883.  Petition for a rehearing overruled Dec. 20, 1883.